**WATSONTOWN BRICK COMPANY et al., Appellants in 16591,**

v.

**HERCULES POWDER COMPANY (Changed to Hercules Incorporated), Appellant in 16592.**

**Nos. 16591, 16592.**

United States Court of Appeals Third Circuit.

Argued Oct. 31, 1967.

Decided Nov. 28, 1967.

Rehearing Denied Jan. 18, 1968.

John C. Youngman, Candor, Youngman, Gibson & Gault, Williamsport, Pa., for appellants in No. 16,591 and for appellee in No. 16,592 Watsontown Brick Co., et al.

Seth McCormick, Lynn, Furst, McCormick, Muir, Lynn & Reeder, Williamsport, Pa. (S. Dale Furst, Jr., Paul W. Reeder, Williamsport, Pa., on the brief), for appellant in No. 16,592 and for appellees in No. 16,591 Hercules Powder Co., etc.

Before McLAUGHLIN, KALODNER and GANEY, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Plaintiff Watsontown Brick Company ("Watsontown") instituted this diversity action in the District Court against defendant Hercules, Incorporated ("Hercules"), a manufacturer and seller of explosives, to recover property damages and loss of profits it allegedly sustained as a result of a dynamite explosion occurring at its shale quarry on September 24, 1959. Hercules had sold the dynamite to Watsontown and, in connection with the sale, had also furnished it with the services of Charles R. Parsons, a licensed blaster, to assist in the performance of the blasting operations. Twenty insurance companies which paid part of Watsontown's loss were joined as co-plaintiffs by stipulation of the parties.

Plaintiffs' amended complaint advanced three theories of recovery: (1) Parsons was negligent and reckless in supervising, preparing and detonating the explosion and that his misconduct was chargeable to Hercules; (2) Parsons did not have sufficient competence or experience to properly supervise, prepare and set-off the explosion and accordingly Hercules was negligent and reckless in furnishing Watsontown with such an individual; and (3) there was a breach of implied warranty of fitness for a particular purpose arising from the sale of the explosives.

As a complete defense to plaintiffs' claim, Hercules pleaded its "Form No. 2", reproduced in the margin,[1] which was a

1. "Her. 3647 500 3-53 8817
Printed in U.S.A. Form No. 2
HERCULES POWDER COMPANY
Wilmington, Delaware
Dated June 10, 1952
WHEREAS, the undersigned customer may hereafter, from time to time, request certain assistance of the Hercules Powder Company in connection with the performance of certain blasting work; and
WHEREAS, the Hercules Company is not engaged in blasting work, its business in explosives being confined solely to the manufacture and sales thereof, but to assist the said customer, the said Hercules Company has agreed, at certain times, to permit said customer the temporary use, free of charge, of the services of said company's employes, together with or without certain needed equipment.
Now, THEREFORE, the undersigned hereby expressly agrees that, while engaged in said work, said employes and equipment are and shall be, on each occasion, to all intents and purposes, the employes and equipment of the undersigned and subject to his sole supervision and control, and that all work and services so performed shall be at the sole risk and

"service agreement" or "save harmless agreement" executed on behalf of Watsontown on June 10, 1952. Hercules also alleged that it was not guilty of any misconduct with respect to the explosion and that no breach of implied warranty occurred in connection with the sale of the explosives.

A non-jury trial was first held in the District Court limited to the question of whether the service agreement was " * * * a full, partial or no defense to plaintiff's action." The Court found that the agreement was a complete defense to any action based on the imputation to Hercules of Parsons' alleged misconduct and to any action based on breach of implied warranty, but that the agreement did not bar plaintiffs from recovering on the theory that Hercules was negligent or reckless in furnishing Watsontown an incompetent servant.[2] A Judgment to that effect was entered on April 29, 1964. Plaintiffs appealed the portion of that Judgment adverse to it to this Court which dismissed the appeal, without prejudice, for want of jurisdiction on the ground that the Judgment was not final.

The case was then tried to a jury solely on the issue of whether Hercules was negligent in furnishing Watsontown an incompetent and inexperienced employee. The jury could not reach a verdict and was discharged. Hercules' subsequent motion for a directed verdict was denied.[3]

At a second trial, the jury returned a verdict in plaintiffs' favor, upon which Judgment was entered on June 28, 1966.

Hercules' subsequent motions for a new trial or judgment N.O.V. were denied on March 10, 1967.[4] This appeal followed.

At Appeal No. 16592, Hercules appeals the District Court's entry of Judgment on June 28, 1966 pursuant to the jury's verdict, and also appeals that portion of the District Court's Judgment of April 29, 1964 holding that the service agreement did not bar plaintiffs from recovery on the ground that Hercules was negligent or reckless in furnishing an incompetent servant to Watsontown.

At Appeal No. 16591, plaintiffs cross-appeal from that part of the District Court's Judgment of April 29, 1964 which ruled that the service agreement was a defense to any action based on breach of implied warranty or on the imputation of Parsons' alleged misconduct to Hercules.

 At Appeal No. 16592 Hercules contends that the District Court erred in denying its motions for judgment N.O.V. or a new trial, after the second jury trial, because in its view (1) there was no evidence of Parsons' incompetence or inexperience; (2) there was no evidence that it knew or should have known of Parsons' incompetence or inexperience; (3) the plaintiffs' proof of the dollar value of damage to Watsontown's buildings, machinery and equipment did not meet the "required standards"; (4) Watsontown's claim for loss of profits was "highly speculative" and should not have been submitted to the jury; (5) the jury should not have been permitted to consider plaintiffs' claim

responsibility of the undersigned, and for any damage or loss resulting from such services, except liability for injury or death of said Hercules employes, the undersigned expressly agrees to indemnify and hold harmless the Hercules Powder Company, and further to assume sole responsibility for the result of the services of such employes or equipment gratuitously furnished by said Hercules Company.

This agreement shall continue in force until either party notifies the other, in writing, of its desire to terminate the same, but such termination shall not re-

lieve either party of any liability arising thereunder prior to such termination.

(s) Watsontown Brick Co.
*Customer*
by (s) C. M. Zechman

This Form Approved by Institute of Makers of Explosives, May 12, 1931."

2. The District Court Opinion of February 14, 1964 is unreported.

3. The District Court Opinion of April 18, 1966, as modified by Order dated June 8, 1966, is unreported.

4. See Opinion of District Court reported at 265 F.Supp. 268 (M.D.Pa.1967).

for delay and detention damages; and (6) the Court should not have permitted the testimony of an "expert" witness who testified at the first jury trial to be read to the jury at the second. Hercules also contends that the indemnity and hold harmless provisions of its service agreement are a bar to plaintiffs' claim that it negligently furnished Watsontown an incompetent or inexperienced servant and that the District Court erred in ruling to the contrary.

On review of the record we are of the opinion that Hercules' contentions are without merit and that the District Court did not err in entering the Judgments involved at Appeal No. 16592. This disposition renders moot the questions raised by plaintiffs at Appeal No. 16591.

The District Court's Judgments entered on April 29, 1964 and June 28, 1966 will be affirmed.