## State Farm Fire & Casualty Company v.
## The Curley Adjustment Bureau, Inc.

*George H. Rowley,* for plaintiff.

*P. Raymond Bartholomew,* for defendant.

STRANAHAN, P. J., November 4, 1970.—This matter is before the court on a preliminary objection in the nature of a motion for a more specific pleading filed by defendant.

The background of this case is somewhat unusual and quite interesting. The pleadings indicate that one Carol Benedict was injured in an automobile accident involving an automobile driven by Rodney D. Dillaman. The State Farm Fire & Casualty Company was the liability insurance carrier on the Dillaman vehicle. As the insurance carrier it engaged the services of the Curley Adjustment Bureau, Inc., to investigate and adjust the various claims arising out of the accident, including the claim of Carol Benedict.

Ronald G. Post, an employe of the Curley Adjustment Bureau, Inc., entered into settlement negotiations with Carol Benedict. The pleadings indicate that Mr. Post offered on behalf of State Farm Fire Casualty Company to pay Carol Benedict the sum of $8,500 in settlement of her claim, and this offer was accepted by Carol Benedict.

The pleadings indicate that it is alleged by plaintiff that defendant had never been authorized through its agent to extend an offer of $8,500, and that such action on the part of Mr. Post constituted a violation of the agency contract between plaintiff and defendant.

When State Farm Fire & Casualty Company refused to pay the sum of $8,500 to Carol Benedict, she instituted an action against the insurance company in the Court of Common Pleas of Mercer County, Pa. The jury awarded her $8,500, plus interest, or a total of $8,968.

Plaintiff, State Farm Fire & Casualty Company, now seeks to recover from the Curley Adjustment Bureau, Inc., the amount of $11,106.35, which sum includes the verdict of $8,968, which was paid to Carol Benedict, together with counsel fees in the sum of $1,825, and court costs and other expenses in the amount of $313.35.

Defendant has taken the position that it could not be liable to plaintiff in the full amount, since the State Farm Fire & Casualty Company has settled the claims of other persons involved in this accident in such a manner that it is obvious that Carol Benedict should make a recovery. Defendant contends that plaintiff is under an obligation to indicate in its pleadings the amount which represents what they would have paid Carol Benedict under normal circumstances and that, therefore, the claim of plaintiff should be reduced in that amount.

Plaintiff has taken the position that under contract pleadings of this type it has the right to allege the entire amount of payment which it claims it was required to pay as a result of defendant's breach of its agency contract, and that the burden then shifts to defendant to show the reasonable value of the Carol Benedict claim and, therefore, to mitigate the damages. Plaintiff argues that the burden of proof to mitigate damages is on defendant under these circumstances, and that it has no obligation to show that its claim should be lessened by the amount that would represent a reasonable settlement of the Carol Benedict claim against the liability insurance carrier.

We agree with plaintiff's position and feel that defendant has the burden of pleading and proving the reasonable value of the Benedict claim.

In 11 P. L. Encyc., Damages, §151, at page 236, the author says:

"The party who commits a wrong has the burden of

establishing matters asserted by him in mitigation or reduction of the amount of damages."

In Watsontown Brick Company v. Hercules Powder Company, 265 F. Supp. 268, affirmed 387 F. 2d 99, the court points out that the burden shifts to defendant to establish matters asserted by him in mitigation or a reduction of the amount of damages.

We, therefore, conclude that defendant's motion for a more specific pleading must be denied, since we believe that the burden is on it to assert matters which would permit mitigation of damages, and we feel that the claim of defendant is in the way of mitigation and, therefore, plaintiff has no obligation to consider this in its pleadings, but rather defendant must accept the burden of proof.

ORDER

And now, November 4, 1970, defendant's motion for a more specific pleading is denied.