[Civ. No. 3526.  First Appellate District, Division One.—February 25, 1921.]

## SUSAN ETHEL RHODES, etc., Respondent, v. FIRESTONE TIRE & RUBBER COMPANY (a Corporation), Appellant.

[1] Negligence—Collision of Autotruck—Sudden Emergency—Evidence—Rule Inapplicable.—In an action for damages to an autotruck caused by a collision with defendant's truck after the latter had collided with a touring car and swerved to the opposite and wrong side of the street, the defendant cannot contend that it is not answerable for the results of the accident brought about through stress of a sudden emergency created through no fault of its own, where the driver of defendant's truck had ample time and space to have avoided the collision with plaintiff's truck after becoming disengaged with the touring car.

[2] Id.—Vehicle Susceptible of Repair—Measure of Damages.—The measure to be applied in the ascertainment of damages in cases where a vehicle has been negligently injured but is susceptible of repair is the difference immediately before and immediately after the injury, subject, however, to the proviso that if it can be entirely repaired at a less expense than the diminution in value because of the injury, the measure of damages is the reasonable cost of repairs.

[3] Id.—Prima Facie Case—Burden of Proof—Mitigation of Damages.—In an action for damages to an autotruck resulting from a collision with another truck, proof that the repairs are necessary and the cost thereof reasonable makes a *prima facie* case, and if the diminution in value of the injured truck is less than the repair bill, the defendant should show the fact in reduction of the alleged damages, for the burden of showing matters in mitigation of damages rests upon him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

1. Liability for collision between automobiles or an automobile and another vehicle at or near corner of street or highway, note, L. R. A. 1916A, 745.

"Emergency rule" as applied to drivers of automobiles, note, 6 A. L. R. 680.

3. Damages recoverable for destruction of or injury to commercial vehicle, note 4 A. L. R. 1350.

The facts are stated in the opinion of the court.

Willard P. Smith and Walton C. Webb for Appellant.

Waldo F. Postel for Respondent.

BARDIN, P. J., *pro tem.*—This is an action for damages caused by an accidental collision between autotrucks of the respective parties to the action, near the intersection of Polk and Ellis Streets, in San Francisco. Immediately prior to the accident an employee of defendant was driving an autotruck of the defendant in a northerly direction on the east side of Polk Street, and at the same time the driver of plaintiff's truck was proceeding in a southerly direction on the west side of the same street but northerly from the intersection of the streets referred to. On reaching Ellis Street the autotruck of the defendant came into collision with a touring car of a third party, which was being driven westerly on Ellis Street. The driver of the touring car, in endeavoring to avoid collision with defendant's truck, turned to the right into Polk Street, but was unable to avoid contact with defendant's truck. The truck of the defendant became disengaged without coming to a stop and a very short time thereafter came into a head-on collision with the truck of the plaintiff at a distance, the court found, in excess of one hundred feet northward from the intersection of the two streets referred to.

The court found that the said collision between the two trucks was caused solely by reason of the negligence of the defendant, and also found substantially to the following effect: that immediately prior to the collision the employee of the defendant was operating defendant's autotruck at a speed in excess of fifteen miles per hour, and on the wrong side of the street; that after the collision with the touring car already referred to, the driver of defendant's autotruck swerved over to the west side of Polk Street and continued in a northerly direction on the west side of Polk Street and the sidewalk thereof; that the driver of the plaintiff's autotruck immediately before the collision of the two trucks drove plaintiff's truck to the extreme westerly side of Polk Street and partly on the westerly sidewalk thereof to avoid a collision with the truck of the

defendant; that the two trucks met head-on on the west side
of Polk Street partly on the sidewalk and on the extreme
westerly side of the street, and that the truck of the plain-
tiff had come to a complete stop prior to the collision, with
all brakes firmly set.

A number of points are relied on by the appellant for a
reversal of the judgment, the major portion of which relate
to arguments in support of the defendant's theory that the
defendant was not guilty of negligence in the operation of
the autotruck at the time of the collision and that the
driver of plaintiff's autotruck at said time was himself
guilty of contributory negligence in not taking the proper
precautions to avoid the collision between the two trucks.
In answer to the criticism that the evidence does not
support the findings of the court in relation to the negli-
gence of defendant, it will be sufficient to say that the
record shows an abundance of evidence sufficient to justify
the conclusion of the trial court that the driver of defend-
ant's truck was responsible for the collision between the
two trucks. The arguments set forth in the appellant's
briefs in exposition of the reasons why the defendant was
not at fault, while proper to have been addressed to the
trial court are, in the face of the conflicting evidence,
of no avail here. The credibility of the witnesses and
the weight of the evidence were matters for the determina-
tion of the trial court.

[1] It is contended by appellant that the defendant is
not answerable for the results of an accident brought about
through stress of a sudden emergency created through
no fault of its own. While it is true, as stated in *Harring-
ton* v. *Los Angeles Ry. Co.*, 140 Cal. 514, [98 Am. St.
Rep. 85, 63 L. R. A. 238, 74 Pac. 15], that "a person
in great peril, where immediate action is necessary to avoid
it, is not required to exercise all that presence of mind
and carefulness which are justly required of a careful
and prudent man under ordinary circumstances," never-
theless, while the collision between the two trucks would
probably never have occurred except for the presence of
the touring car under the circumstances already indicated,
the court was justified in concluding, as it must have done,
that the driver of defendant's autotruck had ample time
and space to have avoided the collision with plaintiff's

truck, after becoming disengaged with the touring car. And the trial court may have concluded, and it would have been fully warranted in so doing, that the negligent driving of defendant's employee began at a time and place antecedent to the collision with the touring car and continued without intermission until the collision had occurred between the two trucks.

The contention that the evidence fails to show that the driver of defendant's truck was an employee of defendant is manifestly without merit, as is also the claim that the court committed error in admitting in evidence the statement of the driver of defendant's truck made practically simultaneously with the accident, and therefore properly considered by the trial court to be a part of the *res gestae.*

The defendant interposed the defense of contributory negligence, and in behalf thereof alleged that the plaintiff was guilty of contributory negligence in that the driver of plaintiff's truck carelessly and negligently ran the truck of plaintiff into the truck of defendant, and also carelessly and negligently failed to control said truck, or apply the brakes thereof, at or before the time of the accident. It is claimed that the court failed to find on these material issues, and for that reason the judgment should be reversed. An examination of the findings of the court discloses, however, that the court specifically found that the obverse of these particular allegations was true, and further found that the collision between the two trucks was caused solely by the negligence of the employee of defendant.

We come now to the consideration of defendant's claim that the court below committed error in two respects with reference to the damages awarded to the plaintiff by its judgment, namely: (1) That it was error to admit any evidence as to the cost of the repairs of plaintiff's truck, without first showing the value of the truck immediately after the accident; and (2) that the proper measure of damages was not applied in the case. The first objection, at most, goes merely to the order of proof, as will presently more clearly appear, and may therefore be summarily dismissed with the comment that the order of proof was within the discretion of the trial judge.

We gather from the complaint that the plaintiff originally intended to endeavor to recover as compensation for the

damages she had suffered by reason of the collision referred to, the aggregate sum of $1,240.45, made up of the following items: $394.45 on account of moneys, claimed to be reasonable in amount, expended in making necessary repairs to plaintiff's truck; $750 on account of the depreciation in value of said truck beyond the amount expended in repairing it, and $96 expended in hiring a substitute truck while the injured truck was undergoing repair. No evidence was presented in support of the allegation that the injured truck had depreciated in value beyond the amount of the repair bill. The court found that plaintiff expended the sum of $394.45 to repair the damages resulting from the said collision and that such sum was a reasonable and necessary sum to have been expended for said repairs which were actually made and were made necessary by reason of the negligence of defendant, and that plaintiff had expended, in procuring the hire of a substitute truck while the injured one was being repaired, the sum of $96. Judgment followed in favor of plaintiff in the sum of $490.45. Inasmuch as the defendant has made no objection to the allowance of the amount paid for truck hire, that item need receive no further consideration from us.

[2] This brings us to a consideration of the proper measure of damages to apply in negligence cases such as this, where the injured vehicle is susceptible of repair. According to some authorities the measure of damages in such instances is the cost of repairing the injured personal property, together with the value of the use of the property while undergoing repair. (17 C. J. 877; *Weleetka Light & Water Co.* v. *Northrop,* 42 Okl. 561, [140 Pac. 1140]; *McGuire* v. *Post Falls Lumber & Mfg. Co.,* 23 Idaho, 608, [131 Pac. 654].) The usual measure, however, to apply in the ascertainment of damages in cases where personal property has been negligently injured but is susceptible of repair, and the one we prefer to follow, is that which makes the measure of damages the difference in value immediately before and immediately after the injury, subject, however, to the proviso that if it can be entirely repaired at a less expense than the diminution in value because of the injury, the measure of damages is the reasonable cost of repairs. (*Kincaid* v. *Dunn,* 26 Cal.

App. 686, [148 Pac. 235]; Huddy on Automobiles, sec. 719; Babbitt on Motor Vehicles, 2d ed., sec. 1740.)

While the complaint was drawn on the theory that the injuries to plaintiff's truck exceeded the amount of the cost of repairs, the case was actually tried on the theory that the truck was susceptible of being entirely repaired. No evidence was produced by the plaintiff as to the diminution in value of the truck by reason of the collision. Whether or not the plaintiff was actuated in presenting her proof by an erroneous idea as to the proper measure of damages to apply is not important, for if the amount of the repair bill considered alone was not the true and exclusive measure to apply in the ascertainment of the damages plaintiff had suffered, it was incumbent upon the defendant to have offered proof showing that the diminution in value on account of the injury would be less than the cost of such repairs; thus limiting the damages to a sum not greater than such diminution in value. (*Kincaid* v. *Dunn,* 26 Cal. App. 686, [148 Pac. 235]; Huddy on Automobiles, sec. 720.)

[3] When the plaintiff established by her proofs that the repairs were necessary and the cost thereof reasonable, she completed a *prima facie* showing of her damages. If the diminution in value of the injured truck was less than the repair bill, the defendant should have shown that fact in reduction of the damages claimed by the plaintiff, for the burden of showing matters in reduction or mitigation of damages rested upon the defendant. The reasonable cost of making necessary repairs in such cases as this has been accepted as a proper element in determining the amount recoverable as damages in many other jurisdictions, as has already been pointed out, and we think it proper to accept it as such in the establishment of a *prima facie* admeasurement of damages, subject to the right of the adverse party to apply to it the test as to whether or not the diminution in value by reason of the injury was less than the repair bill, and if so, to reduce the damages recoverable to equal the sum representing such difference in value.

The defendant having failed to make any showing in reduction of damages, cannot now be heard to complain.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal March 25, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 25, 1922.

All the Justices concurred.