[Civ. No. 5069. Second Appellate District, Division One.—March 26, 1928.]

ANTON KONDA, Respondent, v. SAMUEL FRUMPKIN et al., Appellants.

L. B. Stanton, S. H. Scheinin and Marley Fisher for Appellants.

Guy Knupp for Respondent.

HAHN, J., *pro tem.*—Defendants appeal from the judgment rendered against them in the sum of four hundred dollars for damages suffered by the plaintiff through injury to his automobile bus, occasioned by a collision with an automobile truck belonging to the defendants.

In their brief appellants concede that inasmuch as the evidence on the question of negligence is in marked conflict, the finding of the court on that issue is not subject to review on appeal.

The only ground urged for a reversal of the judgment is that there is no evidence of competent and material character to justify the amount of damages awarded. This defect, appellants urge, is due to the erroneous theory of counsel for plaintiff, and adopted by the court, that the rule for determining the amount of damages in actions of this character is the cost of making repairs or replacements, when the measure of damages as provided by section 3333 of the Civil Code, is the difference in the value of the automobile bus prior to the accident and immediately after the accident. It is pointed out that the only evidence offered by the plaintiff on this question was the testimony of witnesses as to the cost of the repairing or rebuilding of the damaged automobile.

The record discloses the fact that the case was tried by both parties as far as the question of damages was concerned on the theory that the measure of damages was the cost of repairing the automobile bus.

It is true, as contended by appellants, that the usual measure of damages is the difference in diminished market value of the article damaged from its reasonable market value prior to the injury. However, in this state the rule has been established that in an action for damages of the

character involved here, the plaintiff makes a *prima facie* case when he shows the reasonable cost of repair, if his damaged automobile is susceptible of repair. (*Rhodes* v. *Firestone Tire etc. Co.*, 51 Cal. App. 569 [197 Pac. 392].) If the diminution in value of the vehicle occasioned by the collision is less than the cost of repair, the defendant is privileged to make such showing and if he successfully carries this burden, the judgment will then be for the amount that the vehicle has been lessened in value by reason of the injury.

As stated in the instant case, the evidence presented by both sides went to the cost of repair. The *prima facie* case made by the plaintiff was not overcome by any evidence showing that the diminution in value of the automobile bus was less than the cost of the repairs.

The testimony on the question of cost of repairs or reconstruction was in sharp conflict and hence the court's conclusion, there being sufficient evidence to sustain it, as to the amount of damages will not be disturbed.

Appellants point out that the testimony of one C. A. McGarvin, a witness for plaintiff and whose estimate of the cost of rebuilding the damaged bus is necessary to support the court's findings as to the amount of the damage, related to the cost of rebuilding the body of the automobile bus rather than repairing the body. This would seem to be merely a distinction in terms rather than a difference, for the witness in question testified that the body of the bus was so badly damaged that it could not be repaired and the body had to be rebuilt.

We find no errors in the record and the judgment is therefore affirmed.

Conrey, P. J., and York, J., concurred.