INDEPENDENT ICE AND COLD STORAGE COMPANY, INC., v. TAMPA SAND AND MATERIAL COMPANY, INC.

171 So. 797.

Opinion Filed January 13, 1937.

*Edwin Brobston, T. B. Castiglia* and *Nick J. Falsone,* for Plaintiff in Error;

*Sam Bucklew* and *John M. Allison,* for Defendant in Error.

TERRELL, J.—Writ of error in this case is to a verdict and judgment in the sum of $600.00 awarded the Tampa Sand and Material Company, Inc., against Independent Ice and Cold Storage Company, Inc., in a common law action for negligent damage and injury to an automobile truck.

Plaintiff in error contends that the judgment should be reversed because the evidence was insufficient to support the verdict and judgment and for the further reason that the question of contributory negligence was not properly submitted to the jury.

As to the first question, it was proven by expert mechanics the number, name of the parts of the truck that were broken or damaged so that they had to be replaced, and what it would cost to replace them including the cost of the labor. No objection was offered to this evidence and it is nowhere charged that the amount allowed by the jury was unreasonable or greater than the cost of replacements. Such a measure of damages has been frequently upheld in cases of this kind. Huddy *Encyclopedia of Automobile Law,* Vol. 17-18, pages 530, 524, 527; Thrapp v. Meyers, 114 Neb. 689, 209 N. W. 238; Wofsey v. New York and S. R. Co., 106 Conn. 254, 138 Atl. 136; Konda v. Frumpkin, 90 Cal. App. 384, 265 Pac. 955.

It is not open to question that the usual measure of damages in cases like this is the difference between the market value of the automobile prior to and after the injury but when the cost of parts and labor to replace them is proven and no charge is made that it is unreasonable or was for other reasons excessive we will not hold it to be erroneous. Under such circumstances if error was committed it was harmless.

As to the question of whether or not contributory neg-

ligence on the part of defendant in error was properly submitted to the jury little needs to be said.

In this case that question turns on that of whether or not the driver of the truck of the defendant in error was driving at a reasonable and proper rate of speed at the time of the accident in view of the location, amount of traffic, condition of the road, and the use it was being subjected to. Section 1318, Compiled General Laws of 1927, regulates the operation of motor vehicles on the public highways and makes driving in excess of the speed designated *prima facie* evidence of negligent driving. Whether or not the law was being complied with at the time of the accident was a question for the jury to determine in the light of the evidence submitted. Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401.

Both the question of damages and the question of contributory negligence on the part of defendant in error were squarely before the jury and on the showing made we find no reason to disturb the judgment of the court below.

It is accordingly affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and DAVIS, J. J., concur.