15 N.J. Super. 592 (1951)
83 A.2d 796
MEYER LEIDER, PLAINTIFF-RESPONDENT,
v.
DAVID PITOCK, TRADING AS ARROW FLOOR COVERING CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 20, 1951.
Decided September 17, 1951.
*593 Before Judges BIGELOW, DAVIDSON and McLEAN.
Mr. Raymond L. Siris argued the cause for plaintiff-respondent.
Mr. Albert B. Melnik argued the cause for defendant-appellant.
DAVIDSON, J.S.C.
Plaintiff obtained judgment in the Camden County District Court in a suit based upon the breach of an express oral warranty of the quality of carpet sold by defendant to the plaintiff, and defendant appeals.
It is conceded that the evidence justified the trial court's finding of fact that a warranty had been made and breached, but defendant contends that the court below erred in its determination that an expert witness was qualified to testify on the subject of carpet value, and further, that the court's refusal to grant a continuance for the purpose of recalling defendant, who had voluntarily left the courtroom, was an abuse of discretion.
*594 The record discloses that at the conclusion of the case defendant moved for judgment on the ground that there was no proof of damages, and after some discussion as to the proper measure of damages and a short recess, the court, without objection by defendant, granted plaintiff leave to recall a witness for the purpose of establishing the value of the defective carpet at the time of its purchase by plaintiff. Defendant objected to his qualification as an expert and charges that the admission of the testimony was an abuse of discretion and therefore constituted reversible error.
The question of whether a witness, called as an expert, is qualified to give expert testimony, is one to be primarily passed upon by the trial court, whose decision will not be reversed if there is any evidence to support it, or unless it is clearly shown to be erroneous in matter of law. Rempfer v. Deerfield Packing Corp., 4 N.J. 135 (1950); Essex County Park Commission v. Brokaw, 107 N.J.L. 110 (E. & A. 1930); Bosze v. Metropolitan Life Insurance Company, 1 N.J. 5 (1948).
The evidence established that the proffered expert witness has been engaged in the rug and carpet business all of his life and was familiar with all operations involved in their production. Defendant unduly stresses the fact that the witness never sold the same make of carpet as that involved in the present litigation. While this might properly affect the weight accorded his opinion by the trial court, it would not affect his competency as an expert witness, properly and factually established. There was ample evidence to justify the ruling made below as to the witness' qualifications as an expert and there is nothing to warrant an opposite determination.
During a recess preceding plaintiff's introduction of expert testimony respecting the question of damages, defendant, after having been in the room all morning, voluntarily left the court. Defendant's counsel cross-examined plaintiff's expert, himself recalled a previously produced defendant's witness, and then asked leave for a continuance in order to *595 bring back the defendant, who had already left, which leave was not granted. The defendant had been in court, but apparently was not called upon to testify; he left voluntarily after informing counsel of his intention, but not the court, and the request for continuance was first made after the production, examination and cross-examination of two witnesses, one on behalf of each party. In this situation, we cannot say that the action of the trial court in denying a continuance constituted an erroneous exercise of the court's discretion. Heinz v. Atlantic Stages, Inc., 113 N.J.L. 321 (E. & A. 1934).
The appeal is dismissed, with costs.