PER CURIAM.
The plaintiff in the trial court appeals from a final judgment entered for the defendant upon defendant’s counterclaim. The action began when the plaintiff, Terminal Transport Co., Inc., brought suit for freight earned upon the carriage of furniture for the defendant, Lamtron Industries, Inc. A summary judgment was entered for the plaintiff on its freight charges. Thereafter a non-jury trial was had upon Lamtron Industries’ set-off for damages to the furniture in transit. At the conclusion of the non-jury trial the court found for the defendant-appellee upon its counterclaim in the sum of $1121.93 and allowed appellee that amount as set-off against the amount awarded to the appellant.
The appellant presents three points. The first urges that the appellee’s evidence was insufficient to support the finding upon the counterclaim because of appellee’s failure to establish that the furniture was delivered to the appellant transport company in good condition. See E. M. G. Leather Arts, Inc. v. Central Truck Lines, Inc., Fla.App.1964, 165 So.2d 203. The man who received the furniture in Alabama had been engaged in the business of receiving and shipping furniture since 1938. He had done much more receiving than shipping. As a witness for the appellee he testified as to the customary way furniture was packed for shipment. In his opinion the furniture had been packed properly; the damage to the furniture resulted from rough treatment by the appellant. The foregoing is a summary of the only testimony appellee presented to show that the furniture had been delivered to the appellant in good condition. We hold that it was sufficient to permit the trial court to resolve the issue in appellee’s favor.
Appellant cites Breazeale v. American Railway Express Co., 18 La.App. 59, 137 So. 585, 586 (1931), as authority for a contradictory holding. But a comparison of the qualifications of the person who received glassware and of her testimony in that case with the qualifications and report of the person who received electrical equipment in Hoover Motor Express Com *856 pany v. United States, 262 F.2d 832, 834 (6th Cir. 1959), convinces us that the qualifications and testimony of the man who received the furniture in the present cause require affirmance of the trial court’s finding that the furniture was delivered to the appellant in good condition.
Appellant’s second point urges that the judgment should be reversed because appellee was barred from recovery by the Interstate Commerce Act because appellee failed to file a written notice of claim. An examination of the record reveals that a written notation of the claim was in fact handed to a representative of the appellant during an interview at appellee’s place of business after the damage had been reported. This was sufficient notice under the act, since no particular form of written claim is required. See, e. g., Kvasnikoff v. Weaver Bros., Inc., Alaska 1965, 405 P.2d 781, 783.
Appellant’s third point urges that the proof of damages was insufficient to support the judgment under the measure of damages utilized in transit movements. Ordinarily the measure of damages in case of goods damaged in transit is the difference between the market value of the goods in an undamaged condition and the market value in the damaged condition at the place of delivery. See cases cited at 13 C.J.S. Carriers § 264, note 21.
The evidence revealed that in the instant case the furniture was returned to Miami, Florida, and there repaired. Proof was submitted as to the cost of repair and the finding of the trial court was based thereon. Ordinarily the cost of repair would be much less than the difference between the market value of good and damaged furniture. Appellant offered no evidence upon the subject of damages and did not object to the evidence on that issue upon the theory advanced in this court. We find that under these circumstances no prejudicial error has been shown. See Independent Ice & Cold Storage Co. v. Tampa Sand & Material Co., 126 Fla. 846, 171 So. 797 (1937).
Affirmed.