# WILLIAM J. KRUVANT ET UX. *v.* CHRISTOPHER NEAL DICKERMAN

[No. 325, September Term, 1972.]

*Decided June 1, 1973.*

The cause was argued before THOMPSON, MOYLAN and DAVIDSON, JJ.

*Roger A. Perkins*, with whom were *Thomas P. Ross, David G. Ross* and *Ross & Ross* on the brief, for appellants.

*Kevin J. McCarthy*, with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On June 8, 1969, a motor vehicle driven by the appellee, Christopher Neal Dickerman, struck a parked motor vehicle owned by the appellants, William J. and Maria R. Kruvant, thereby causing damage to appellants' automobile and a case of first impression in this Court. The question concerns the burden of proof and burden of proceeding with evidence with respect to establishing damages.

The measure of damages applied to a motor vehicle which has not been entirely destroyed has been clearly enunciated. In *Taylor v. King*, 241 Md. 50, 54-55, 213 A. 2d 504, 507 (1965), the Court of Appeals said:

> " . . . the rule in Maryland with respect to the measure of damages for injury to a motor vehicle, which has not been entirely destroyed, is the reasonable cost of the repairs necessary to restore it to substantially the same condition that it was in before the injury, provided the cost of repairs is less than the diminution in market value due to the injury. And when the cost of restoring a motor

vehicle to substantially the same condition is greater than the diminution in market value, the measure of damages is the difference between its market value immediately before and immediately after the injury." (Footnote omitted.)

While *Taylor* establishes the standard by which we measure damages, it is silent as to burden of proof. It tells us that in order to determine the amount of recovery it is necessary to know at least three facts: the cost of repairs, the value of the vehicle immediately before the injury, and the value of the vehicle immediately after the injury. But it does not tell us whether the owner of the damaged vehicle or the party who caused the damage must prove those facts.

It is difficult to formulate a single principle on which to base a general test for apportioning to each party the specific facts which he must prove. According to Wigmore,

"The truth is that there is not and cannot be any one general solvent for all cases. It is merely a question of policy and fairness based on experience in the different situations." *Wigmore on Evidence*, § 2486 at 275 (3d ed. 1940).

In Maryland, as in the majority of states, it is the rule, in either breach of contract or tort cases, that the burden of proof is on the plaintiff, or on the party who asserts the affirmative of an issue, and that burden never shifts.

When a defendant asserts payment or satisfaction in a contract case, contributory negligence in an unintentional tort case, self-defense in an assault case, truth in a defamation case, or in any case asserts the failure of the plaintiff to avail himself of an opportunity to mitigate or reduce his loss, to suggest a few illustrations, then he has taken the affirmative of an issue, and the burden to prove it by a preponderance of the evidence is upon him. This burden likewise never shifts. *Volos, Ltd. v. Sotera*, 264 Md. 155, 174-76, 286 A. 2d 101, 112 (1972); *Masano v. Albritton*, 245 Md. 423, 432, 226 A. 2d 299, 304 (1967); *M & R Builders v.*

*Michael,* 215 Md. 340, 356, 138 A. 2d 350, 359 (1958); *Atholwood Development Co. v. Houston,* 179 Md. 441, 445-46, 19 A. 2d 706, 708 (1941); Anno., *Presumption and Burden of Proof Regarding Mitigation of Damages,* 134 A.L.R. 242 (1941). *But see Millison v. Ades of Lexington,* 262 Md. 319, 327, 277 A. 2d 579, 584 (1971) (dicta).

We said in *Armstrong v. Johnson Motor Lines,* 12 Md. App. 492, 500, 280 A. 2d 24, 29 (1971):

> "An affirmative defense is one which directly or implicitly concedes the basic position of the opposing party, but which asserts that notwithstanding that concession the opponent is not entitled to prevail because he is precluded for some other reason."

These generalized views would lead to the conclusion that the owner of the damaged vehicle would have the burden of proving either the cost of repairs or the value of the vehicle immediately before and after the accident in order to establish a prima facie case. The party who damages the vehicle would then have the burden of proceeding with evidence to show that the option not chosen by the owner would cost less.

A review of the authorities indicates support for such a conclusion. Textwriters who have considered the precise issue have concluded that the defendant has the burden of showing that the cost of repairs exceeds the diminution in value of the vehicle. Blashfield states the rule as follows:

> "The burden rests upon the one seeking to recover damages to his motor vehicle to show the amount, and that the vehicle was damaged beyond repair or that the cost of repairs would exceed the diminution in value. If he can establish either proposition, he need not adduce evidence as to the actual cost of repairs, but can recover the difference in value before and after the accident.
>
> "The defendant, however, has the burden of

proving [1] matters in reduction or mitigation of the damages claimed by the plaintiff.

> "The plaintiff meets this burden and makes out a prima facie case, in a suit for damages to his vehicle caused by a collision, by showing the making of repairs, the fact that such repairs were made necessary by the accident, the cost thereof, and that such cost was reasonable. The defendant may then show, if he can, that the diminution in value of the injured truck was less than the repair bill." *Automobile Law and Practice*, § 480.18 at 50-51 (3d ed.). (Footnotes omitted.)

Huddy states the rule as follows:

> "In some jurisdictions, the cost of the repairs is permitted as the measure of damages, but not to exceed the difference between the value before the accident and afterwards. In such a case, when the cost of repairs is found, the burden is on the defendant to show that such sum is greater than the depreciated value." *Encyclopedia of Automobile Law*, § 253 at 526 (9th ed. 1931). (Footnote omitted.)

Other courts in states which utilize the same measure of damages as Maryland have adopted the rule espoused by the textwriters. *Pfingsten v. Westenhaver*, 39 Cal. 12, 244 P. 2d 395, 402 (1952); *Konda v. Frumpkin*, 90 Cal. App. 384, 265 P. 955 (1928); *Kincaid v. Dunn*, 26 Cal. App. 686, 148 P. 235, 236 (1915); *Globe Motors Inc. v. Noonan*, 106 Ga. App. 486, 127 S.E.2d 320, 324 (1962); *Wooster Feed Mfg. Co. v. Village of Tallmadge*, 82 Ohio App. 499, 81 N.E.2d 811, 813 (1948); *see Watsontown Brick Co. v. Hercules Powder Co.*, 265 F. Supp. 268, 275 (M.D. Pa.), *aff'd*, 387 F. 2d 99 (3d Cir. 1967) (applying Pennsylvania law); *Mikol v. Vlahopoulos*, 86 Ariz. 93, 340 P. 2d 1000, 1001 (1959). Illustrative is the case of *Rhodes v.*

---

**1.** The authorities cited by the author in support of this statement indicate that by the term "burden of proving," he means "burden of showing," or "burden of proceeding with evidence," rather than "burden of proof" in its traditional sense.

6

*Firestone Tire & Rubber Co.*, 51 Cal. App. 569, 197 P. 392, 395 (1921), in which the Court said:

> "When the plaintiff established by her proofs that the repairs were necessary and the cost thereof reasonable, she completed a prima facie showing of her damages. If the diminution in value of the injured truck was less than the repair bill, the defendant should have shown that fact in reduction of the damages claimed by the plaintiff, for the burden of showing matters in reduction or mitigation of damages rested upon the defendant. The reasonable cost of making necessary repairs in such cases as this has been accepted as a proper element in determining the amount recoverable as damages in many other jurisdictions, as has already been pointed out, and we think it proper to accept it as such in the establishment of a prima facie admeasurement of damages, subject to the right of the adverse party to apply to it the test as to whether or not the diminution in value by reason of the injury was less than the repair bill, and if so, to reduce the damages recoverable to equal the sum representing such difference in value."

Supported by the concurrence of textwriters and other state courts, we conclude that the appropriate rule with respect to the burden of proof in a case involving damage to a motor vehicle which has not been destroyed is that the owner of the damaged vehicle has the burden of proving his damage, and may do so by proving either the cost of repairs or the diminution in the value of the vehicle after the damage in order to establish a prima facie case. The party causing the damage then has the burden of showing that the plaintiff's evidence is not the proper measure of damages by offering evidence that the option not pursued by the owner would cost him less.

The appellee contends that certain language in *Fred Frederick Motors v. Krause*, 12 Md. App. 62, 277 A. 2d 464 (1971), has determined the issue and has placed the burden

of proving both the cost of repairs and the value of the vehicle immediately before and after the collision on the plaintiff. We do not agree. In *Krause*, this Court recognized that the language of the *Taylor* requirement, that the repairs restore the automobile to "substantially the same condition" that it was in before the injury, neither defined nor described fully that condition. The Court noted that the phrase was susceptible to two interpretations: either the car could be restored to its previous physical appearance and mechanical function, or it could be restored to its market value before the injury. In an effort to clarify *Taylor*, the Court said,

> "Therefore, *if the plaintiff can prove* that after repairs his vehicle has a diminished market value from being injured, then he can recover in addition to the cost of repairs the diminution in market value, provided the two together do not exceed the diminution in value prior to the repairs." 12 Md. App. at 66-67, 277 A. 2d at 467. (Emphasis added.)

In *Krause*, the Court was concerned only with an explication of the measure of damages enunciated in *Taylor* and not with an assessment of the burden of proof.

While the *Krause* rule does require the owner of the damaged vehicle to prove diminuted market value after repairs, it contains no such requirement with respect to proof that the cost of repairs coupled with the diminution in market value does not exceed the diminution in value prior to the repairs. Indeed, in our view, for the reasons set forth above, when a plaintiff has established a prima facie case by proving his damage, according to one acceptable measure of damage, it becomes the obligation of the defendant to offer evidence that the damage would be less under a different acceptable measure of damage.

In the instant case, the appellants sued for the cost of repairs, loss of the use of the vehicle, and a decrease in the value of the vehicle after repairs. The appellee admitted negligence, and the sole issue of damages was tried to a jury with Judge James F. Couch, Jr., presiding. It appears from

the record that the appellants had purchased their 1960 Mercedes Benz 220 SE coupe on May 22, 1969, approximately three weeks prior to the accident. They paid $2,400 for it, which was assumed to be its value immediately before the accident. After the accident, the appellants were charged $1,820.29 for repairs associated with the accident, an amount which a qualified expert testified was fair and reasonable. They paid $60 for rental of a car during the twelve days the car was being repaired, also an amount which a qualified expert testified was fair and reasonable. The appellants introduced no evidence as to the market value of the automobile immediately after the accident and before the repairs. They unsuccessfully attempted to qualify an expert to testify as to the value of the car after repairs. At the conclusion of the appellants' case, Judge Couch ruled that the appellants had not established a prima facie case with respect to damages for injury to the vehicle or diminution of the value of the car after repairs and directed a verdict for $61: $60 for loss of use of the vehicle during the period of repair and $1 nominal damages. We remand the case for retrial as to the amount of damages for injury to the vehicle under the principles set forth herein.

With respect to appellant's claim for damages for the diminution in the value of the vehicle after repairs, one further issue should be resolved for the guidance of the lower court. Maryland Rule 1085. The question concerns the qualification of the expert witness offered by the appellants to testify on the diminuted value after repairs.

In *Pennsylvania Thresherman and Farmers' Mutual Casualty Insurance Co. v. Messenger,* 181 Md. 295, 302, 29 A. 2d 653, 656 (1943), the Court of Appeals said:

> "It is a general rule of evidence, quite liberally applied by the courts of this country, that anyone familiar with the value of property is competent to testify as to its value. If a person shows that he has sufficient personal knowledge of motor vehicles to make relevant his opinion regarding the value of the motor vehicle in question, the credibility and

weight of his testimony are for the consideration of the jury. *Alabama Power Co. v. Armour & Co.,* 207 Ala. 15, 92 So. 111."

In commenting upon the type and degree of knowledge which a witness must possess in order to be entitled to testify on the value of property, Wigmore states:

"The uncertainty arises from the fact that observation or knowledge of a thing involves, in these instances, two elements: acquaintance with the object or article itself, and acquaintance with the class of things into which it is desired to put the object. For example, knowledge of the value of a horse involves, first, a knowledge of the values of the different grades of horses, and, secondly, knowledge of the appearance and qualities of the particular horse, and the operation of estimating its value consists in comparing it with the several possible classes or grades and then placing it in one of them. It follows that the observation or knowledge necessary in such cases is twofold, — knowledge of values generally or the conditions affecting values, and knowledge of the thing to be valued." *Wigmore on Evidence,* § 558 at 638 (3d ed. 1940).

In the instant case, Mr. Samuel Ladden, the owner and operator of the automobile repair shop at which appellants' car was repaired, qualified as an expert in the repair of automobiles and testified as to the cost of repairs. The appellants then attempted to qualify him as an expert to testify on the value of the vehicle after repairs. Mr. Ladden testified that in addition to having been in the repair business for some 21 years, he also was a licensed used car salesman and had run a used car lot for 13 years. He said that at the time of the trial he had about 20 cars for sale, including a number of Porsches and Volkswagens, a number of Chevrolets "ranging from 1956 through 1969," a 1971 Dodge Coronet and "a couple of MGs." He stated that

incidental to the type of work he did, he had become involved in the inspection and appraisal of certain types of unique and classic automobiles and that he had himself purchased and resold such cars on a number of occasions and had assisted his customers in obtaining such automobiles. He indicated that he thought he was familiar with the market values of used motor vehicles in his locality. On cross-examination, Mr. Ladden was asked when he had last had a 1960 Mercedes Benz 220 SE coupe on his lot for sale. He replied, "I have never had one on my lot for sale, and they are very, very rare." Immediately thereafter, Judge Couch sustained appellee's objection to the witness's qualification as an expert to testify to the diminution in the value of appellants' vehicle after repairs.

We feel that Mr. Ladden was qualified to offer his opinion as to the value of the vehicle after repairs. His testimony established that the 1960 Mercedes Benz 220 SE coupe was a rare and unique automobile; that he had knowledge of and acquaintance with the class of unique and classic automobiles and their values generally in the locality; and that, having repaired the vehicle in question, he had intimate knowledge of the condition of the specific automobile to be valued. The fact that he himself had neither purchased nor sold a 1960 Mercedes Benz 220 SE coupe properly affects the weight accorded his opinion, but it does not affect his competency as an expert and should not have disqualified him. *Smith v. Armstrong*, 121 Mont. 377, 198 P. 2d 795 (1948); *Leider v. Pitock*, 15 N. J. Super. 592, 83 A. 2d 796, 797 (1951); *Wigmore on Evidence*, § 714 at 46, § 716 at 54 (Chadbourn Rev.); *Jones on Evidence*, § 14:50 at 730 (6th ed. 1972). Nor should his failure to indicate knowledge of comparable sales bar his testimony. *First National Realty Corp. v. State Roads Comm'n.*, 255 Md. 605, 613-14, 258 A. 2d 419, 423-24 (1960); *Turner v. State Roads Comm'n.*, 213 Md. 428, 433, 132 A. 2d 455, 457 (1957). In our view, the experience and knowledge of Mr. Ladden was such that he was entitled to testify. We have no doubt that his opinion would aid the trier of fact. *Consolidated Mechanical Contractors Inc. v. Ball*, 263 Md. 328, 338, 283 A. 2d 154, 158 (1971); *Sun Cab Co.*

*v. Walston,* 15 Md. App. 113, 141-43, 289 A. 2d 804, 820-21 (1972), *aff'd,* 267 Md. 559, 298 A. 2d 391 (1973).

> *Judgment as to liability affirmed.*
> *Judgment as to damages reversed and case remanded for a new trial thereon.*
> *Costs to be paid by appellee.*