838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard L. VOGEL, Seneca Mining Corporation, a Pennsylvania
Corporation, Plaintiff-Appellee,
v.
EASTERN MINING SYSTEMS, INC., a New York Corporation, Stuart
R. Ross, Defendant-Appellant,
and
Joel I. BEELER, W. Randolph Wheeler, Andrew A. Levy, Buckey
Petroleum Company, Inc., Defendant.
 No. 86-3660.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 5, 1988.
Decided Jan. 25, 1988.
 
 Nicholas George Karambelas (Harmon & Wilmot, P.C. on brief) for Appellants; Ransom J. Davis (Melnicove, Kaufman, Weiner, Smouse & Garbis, P.A. on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants Stuart R. Ross and Eastern Mining Systems, Inc., appeal the entry of a default judgment entered against them. Plaintiffs Richard L. Vogel and Seneca Mining Corporation had sought discovery in a diversity action, alleging breach of an oral agreement to purchase the assets of several corporate entities. Ross, an attorney and president of Eastern Mining Systems, Inc., violated a court order requiring him to make a timely appearance to give his deposition and to file answers to interrogatories. In light of Ross' abuse of the discovery process, we think the district court did not abuse its discretion in adopting the sanction of default. We affirm.
 
 I.
 
 2
 Plaintiffs' attorney, Ransom J. Davis, properly served a notice of deposition on February 28, 1983, for a deposition on March 22, 1983, in New York City. Davis testified that on March 21, Davis called Ross' New York office to see if Ross would attend and was told that Ross was out of the country. Ross did not appear for the deposition.
 
 
 3
 Plaintiffs sought a court order compelling discovery. On May 3, 1983, the district court ordered Ross to appear for deposition before May 28, 1983. Davis served a timely notice of deposition to be held May 23, 1983, in Baltimore. Ross did not appear for deposition and did not give advance notice of his decision not to appear. He did thereafter communicate an offer to be deposed on May 28, 1983, the deadline under the May 3 order.
 
 
 4
 On May 12, 1983, the court ordered Ross to answer interrogatories by May 20, 1983. Ross did not do so.
 
 II.
 
 5
 On June 28, 1983, the district court conducted a hearing on plaintiffs' motion for default judgment. Ross explained that he had been in New York City on March 22, 1983, and that he had asked an attorney to tell Davis that he would not appear for his deposition. Ross testified that he did not attend the May deposition because he thought settlement of the case was probable, and that he therefore did not "take it seriously."
 
 III.
 
 6
 As an attorney, Ross should have understood the importance of complying with court orders even more than a lay litigant. Ross failed to appear at a scheduled deposition before May 28, 1983, as ordered by the court, and failed to answer plaintiffs' interrogatories, as ordered by the district court. The record thus provides substantial support for the court's finding that Ross did not have a valid excuse for his failure to comply with the court's discovery orders. The district court did not abuse its discretion in granting a judgment by default.
 
 IV.
 
 7
 Ross also appeals the district court's determination of damages, contending that the district court should have decreased the award by the value of certain assets not transferred to defendants. The district court's memorandum opinion on damages is detailed and thorough. Contrary to Ross' argument, the court did not misapply Maryland law in stating that defendants should not receive a reduction or mitigation in damages unless they proved the value of such an offset. See Kruvant v. Dickerman, 18 Md.App. 1, 4-5, 305 A.2d 227 (1973).
 
 
 8
 AFFIRMED.