**BUSINESS SYSTEMS LEASING, INC., a Maryland corporation; Display Data Corporation, a Maryland corporation, Plaintiffs–Appellees,**

v.

**FOOTHILLS AUTOMOTIVE PLAZA, INC., a Colorado corporation, doing business as Foothills Chrysler, Plymouth, Dodge, Saab, doing business as Foothills Saab, Inc., doing business as Foothills Chrysler, Plymouth, Dodge, Inc., Defendant–Appellant,**

**and**

**Foothills, Inc., a Colorado corporation, doing business as Foothills Chrysler, Plymouth, Dodge, Saab, doing business as Foothills Saab, Inc., doing business as Foothills Chrysler, Plymouth, Dodge, Inc.; Mack W. Olsen; David J. Mathews, Defendants–Appellees.**

**No. 88–1923.**

United States Court of Appeals, Tenth Circuit.

Sept. 27, 1989.

---

Miles M. Gersh and Laurie K. Rottersman of Gersh & Danielson, Denver, Colo., for plaintiffs-appellees.

Kenneth L. Keene, Jr. of Keene, Munsinger & Smith, Denver, Colo., and Robert K. Gruber, Denver, Colo., for defendant-appellant.

Ralph H. Coyte, Fort Collins, Colo., for defendants-appellees.

Before MOORE, ANDERSON, and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant Foothills Automotive Plaza, Inc. (Automotive Plaza) appeals the judgment of the district court in a breach of contract action awarding damages and attorney's fees to the plaintiffs, Business Systems Leasing, Inc. (BSL) and the Display Data Corporation (Display Data).[1] Automotive Plaza contends that the court erred in finding that BSL had no duty to mitigate its damages by attempting to resell a computer system which it had leased to Automotive Plaza. It further argues

---

1. Defendants Foothills, Inc., Mack W. Olsen, and David J. Mathews do not appeal the district court's ruling.

that the court incorrectly concluded that Display Data was entitled to damages for Automotive Plaza's breach of the maintenance agreement for the system, and it contests the court's award of attorney's fees to the plaintiffs. We affirm the district court's ruling on each issue.

In September, 1981, Foothills, Inc. (Foothills), an automobile dealership located in Ft. Collins, Colorado, entered into an Equipment Leasing Agreement (the equipment agreement) with BSL for a computer system which was to provide accounting services for the dealership. The obligations under the equipment agreement were guaranteed by defendants David Mathews and Mack Olsen, president and chairman of the board, respectively, of Foothills. BSL perfected a security interest in the system to secure Foothills' obligations under the agreement. The equipment agreement additionally provided that it was to be construed under Maryland law.

Under the terms of the equipment agreement, Foothills was required to contract with a third party for the maintenance of the computer system. In September, 1981, it entered into a Sales, License and Maintenance Agreement (the maintenance agreement) with Display Data, whereby Display Data was to provide maintenance and software services for the system. Foothills made the required payments under both the equipment and maintenance agreements through December, 1981.

In January, 1982, Foothills began to experience financial difficulties, and it commenced negotiations with Automotive Plaza for the sale of the distributorship. From January through May, 1982, Automotive Plaza operated the distributorship under a management agreement with Foothills. On or about May 20, 1982, Automotive Plaza purchased the dealership from Foothills. Under paragraph 1.2(f) of the Purchase and Sale Agreement (the purchase agreement) governing the transaction, Automotive Plaza agreed to assume the obligations of Foothills under "[t]hat certain Lease Agreement with Display Data pertaining to Seller's Display Data Computer."

Approximately one year after Automotive Plaza took control of the dealership, a dispute arose as to the payments Automotive Plaza owed to BSL and to Display Data under the equipment and maintenance agreements. Unable to resolve its differences with the plaintiffs, Automotive Plaza disconnected the computer from its modem and obtained another system from a different vendor. After negotiations to settle the dispute failed, BSL and Display Data brought this action against Foothills and Automotive Plaza alleging a breach of the equipment and maintenance agreements. They additionally claimed that Mr. Mathews and Mr. Olsen were liable to BSL under their guaranty of the equipment agreement. Foothills, Mr. Mathews, and Mr. Olsen then cross-claimed for judgment against Automotive Plaza, pursuant to Automotive Plaza's agreement to assume the obligations relating to the computer system.

On May 16, 1988, after trial to the court, the district court ruled in favor of the plaintiffs, awarding them damages and attorney's fees. It additionally ordered judgment over against Automotive Plaza on the remaining defendants' cross-claim. In holding for the plaintiffs, the district court found that Automotive Plaza had expressly agreed, by virtue of paragraph 1.2(f) of the purchase agreement, to assume Foothills' obligations under both the equipment and maintenance agreements. It rejected Automotive Plaza's argument that BSL was not entitled to recover because it had not mitigated its damages by repossessing and re-leasing the computer. The court noted that the equipment agreement provided that BSL was not obligated to mitigate damages and that it was entitled to exercise any of its rights under the Uniform Commercial Code (UCC), including the right to proceed with a judgment against Automotive Plaza in lieu of repossession and resale. It further concluded that Display Data was entitled to recover from the defendants for unjust enrichment and as a third party beneficiary under the purchase agreement. Finally, the court awarded the plaintiffs reasonable attorney's fees and

costs, as provided under both the equipment and maintenance agreements.

Automotive Plaza now appeals on three grounds. First, it contends that, as a matter of law, BSL had the duty to mitigate its damages, which duty could not be waived. Second, it argues that Display Data was not entitled to recover because it failed to preserve its claim for damages in the pretrial order and because it was not a third party beneficiary under the purchase agreement. Third, Automotive Plaza asserts that the award of attorney's fees was improper because the court made no findings to support its conclusion that Automotive Plaza had employed delaying tactics during the course of the litigation. We review the legal issues regarding BSL's duty to mitigate and Display Data's damages claim *de novo. See Heins v. Ruti–Sweetwater, Inc. (In re Ruti–Sweetwater, Inc.)*, 836 F.2d 1263, 1266 (10th Cir.1988). We generally address the district court's ruling as to attorney's fees under an abuse of discretion standard, *Supre v. Ricketts*, 792 F.2d 958, 961 (10th Cir.1986); however, the underlying factual findings in support of the district court's award of attorney's fees are reversible only where clearly erroneous, *id.; see also Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir.1985) (award of attorney's fees under 28 U.S.C. § 1927).

■ Automotive Plaza's first claim, that BSL had an absolute duty to mitigate its damages by reselling or re-leasing the computer system, is without merit. The equipment agreement provided that "[t]o the extent permitted by applicable law, Lessee hereby waives any rights now or hereafter conferred by statute or otherwise which may require Lessor to sell, lease or otherwise use any equipment in mitigation of Lessor's damages...." Consequently, as Lessee under the equipment agreement by virtue of its assumption of Foothills' obligations thereunder, Automotive Plaza expressly agreed to waive any claim it may have with respect to BSL's failure to mitigate damages.

■ Automotive Plaza argues, however, that the duty to mitigate damages may not be waived by agreement between the parties, yet it provides no authority to this effect. We think such a conclusion would be unsound. First, Automotive Plaza's characterization of the common law concept of mitigation as an absolute duty is not entirely accurate:

> Since there is no judicial penalty, however, for [the injured party's] failure to make this effort, it is not desirable to say that he is under a "duty". His recovery against the defendant will be exactly the same whether he makes the effort and mitigates his loss, or not; but if he fails to make the reasonable effort, with the result that his injury is greater than it would otherwise have been, he cannot recover judgment for the amount of this avoidable and unnecessary increase.

*Corbin on Contracts* § 1039 at 242 (1964). Viewed as a principle relating to the reduction of damages, and not as an immutable requirement, we see no barrier to upholding the parties' contractual agreement to limit damages for the failure to mitigate.[2] In a similar context, we have held that the waiver of the debtor's right to contest the manner or diligence of a creditor's disposition of collateral is not commercially unreasonable under the UCC. *See United States v. New Mexico Landscaping, Inc.*, 785 F.2d 843, 846–47 (10th Cir.1986).

Furthermore, in addition to the fact that the equipment agreement obviates BSL's duty to mitigate, the agreement also provides that BSL may exercise "any other right or remedy which may be available under the Uniform Commercial Code ...

---

**2.** Even disregarding this contractual limitation, it is Automotive Plaza's burden to demonstrate that the damages claimed by BSL could have been reduced had BSL taken mitigating actions. *Kruvant v. Dickerman*, 18 Md.App. 1, 305 A.2d 227, 229–30 (1973); *Volos, Ltd. v. Sotera*, 264 Md. 155, 286 A.2d 101, 112 (1972). It has failed to do so in this case. The evidence before the district court suggests that, at the time BSL determined that Automotive Plaza would not fulfill its obligations under the equipment contract, the computer system had little or no value on resale. Thus, any effort by BSL to sell or lease the system would have had a limited effect in reducing its damages.

including the right to recover damages for the breach of the agreement." Under section 9–501 of the UCC, when a debtor is in default, a secured party "may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure [and] the rights and remedies referred to in this section are cumulative." *See* Md.Com.Law Code Ann. § 9–501(1) (1975). By choosing to proceed toward a judgment and not to repossess the system, BSL was simply exercising one of its statutory remedies under the UCC. Upon electing this course of action, BSL was under no duty to take further action in mitigation of its damages. *See Acushnet Fed. Credit Union v. Roderick,* 530 N.E.2d 1243, 1246 (Mass.App.Ct.1988). Consequently, we concur with the district court's conclusion that the waiver of BSL's duty to mitigate is enforceable and that the BSL damages are not diminished by its failure to repossess and resell or re-lease the system.

■ Automotive Plaza's second claim in this appeal is that Display Data is not entitled to recover for the breach of the maintenance agreement because it failed to preserve its claim that it was a third party beneficiary under the purchase agreement.[3] This argument overlooks the district court's ruling that Display Data was entitled to recovery on both a third party beneficiary theory and an unjust enrichment theory. Automotive Plaza contends, however, that there was "no evidence of any action by Display Data in conferring a benefit upon Automotive Plaza" to permit its recovery under an unjust enrichment theory. Opening Brief for the Appellant at 18. Such a contention is untenable in the face of undisputed evidence that Display Data provided maintenance and support of the computer system continuously from the period of time that Automotive Plaza operated or owned the dealership to the time it

disconnected the system. Therefore, the district court committed no error in awarding damages to Display Data for the breach of the maintenance agreement.

■ Automotive Plaza's final argument in this appeal is that the district court abused its discretion in awarding attorney's fees to the plaintiffs. Automotive Plaza does not dispute that the hourly fee of plaintiffs' counsel was reasonable and that counsel spent 194 hours preparing for the case. Instead, Automotive Plaza complains that the fees awarded were excessive in light of the fact that trial took only two days. We note, however, that the court specifically found that the time spent in litigating this action was not excessive in light of the fact that Automotive Plaza had engaged in "delaying tactics." Automotive Plaza argues that the court was nevertheless required to make specific findings relating to Automotive Plaza's delaying tactics pursuant to Colo.Rev.Stat. § 13–17–101 (1989) (permitting an award of attorney's fees in frivolous, groundless, or vexatious actions), and that the record would not support such findings. We disagree.

The court's award of attorney's fees in this case was not based on Colo.Rev.Stat. § 13–17–101, but on the provisions for such an award in the equipment and maintenance agreements. Specific findings to support the court's conclusion that Automotive Plaza had delayed the proceedings were therefore unnecessary and would have been superfluous, given that it is manifestly evident from the record in this case that this litigation has taken a dilatory course. The district court is in the best position to evaluate the complexity of litigation in support of an attorney's fees award. We conclude that the district court's factual findings with respect to the award of attorney's fees are not clearly erroneous, and that it did not abuse its

---

3. Despite its argument that Display Data's claim was not preserved in the pretrial order, Automotive Plaza failed to designate the pretrial order as part of the record on appeal pursuant to its burden under Fed.R.App.P. 10(b). *See Kopunec v. Nelson,* 801 F.2d 1226, 1228 (10th Cir.1986). Normally, such a failure would be fatal to Automotive Plaza's claim. *See United States v. Hub-*

*bard,* 603 F.2d 137, 140 (10th Cir.1979). We need not consider this issue, however, as the district court's ruling can be sustained on the alternative basis that Automotive Plaza was unjustly enriched. *See Bath v. National Ass'n of Intercollegiate Athletics,* 843 F.2d 1315, 1317 (10th Cir.1988) (court of appeals may affirm on any grounds supported by the record).

discretion in awarding attorney's fees to the plaintiffs as provided in the equipment and maintenance agreements.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

