**Virginia MILBOURNE, Plaintiff**

v.

**CONSECO SERVICES, LLC, et al., Defendants**

No. CIV. AMD–01–1167.

United States District Court, D. Maryland.

Jan. 23, 2002.

Paul J. Weber, Hyatt Peters and Weber LLP, Annapolis, MD, for Virginia Underwood Milbourne.

Stephen Edward Marshall, Mathew T. Murnane, Venable Baetjer and Howard LLP, Baltimore, MD, for Conseco Services, LLC, Mass. General Life Ins. Co.

Cheryl A. Chaney-Semola, Westminster, MD, pro se.

## MEMORANDUM

DAVIS, District Judge.

This one-count breach of contract action, based on Maryland law and timely removed from state court to this court on the basis of diversity of citizenship, arises out a contest between two former wives of a decedent, Randall Lee Underwood ("the insured"), for the proceeds of a life insurance policy issued to the insured by defendant Massachusetts General Life Insurance Company ("Mass General," which is the predecessor-in-interest of defendants Conseco Service, LLC, and Conseco Life Insurance Company, all three of which will be referred to jointly as "the insurers"). Discovery has concluded and now pending is the motion for summary judgment filed by the insurers. No hearing is needed. For the reasons set forth herein, the motion for summary judgment shall be granted.

The material facts are undisputed. Acting through an insurance brokerage located in Towson, Maryland ("The Cameral Group" or "TCG"), the insured filed an application for life insurance with Mass General on or about June 4, 1997. At that time, he was married to the plaintiff, Virginia Underwood Milbourne. A policy in the face amount of $125,000 issued to the insured on or about November 1, 1997. In the application for insurance, the insured had named the plaintiff as the primary beneficiary; he named his daughter from an earlier relationship, Susanne Whitney Underwood (who was born in 1988), as the contingent beneficiary.

The policy provided as follows for a change in beneficiary:

> The owner may change the owner and beneficiary at any time during the lifetime of the insured unless otherwise provided in a previous designation. Any change must be in written form satisfactory to the Company.

> The change will take effect on the date the request was signed, but it will not apply to any payments made by the Company before the request was received and recorded by the Company.

Thus, the only requirement for an effective change in beneficiary was that the insured submit an appropriate directive in writing.

The change would "take effect on the date [it] was signed" by the owner of the policy.

Sometime before August 12, 1998, the insured and plaintiff were divorced and the insured moved from Maryland to Florida. On or about that date, TCG received a telephone call from the insured. He reported his new address in Florida and further reported that he wished to make a change in his beneficiary designation. TCG promptly mailed the appropriate pre-printed form to the insured at his address in Florida. The insured completed the form on or about August 17, 1998. In the space on the form where the beneficiary change was to be noted, he named his daughter, "Susanne Whitney Underwood," as the primary beneficiary, and appeared to write in the following direction immediately thereafter: "Also William S. Underwood [the insured's brother] ... to oversee until Susanne is 25 years old." He named no contingent beneficiary.

The insured returned the form to TCG by mail, where it was received on August 27, 1998. TCG sent the form to Mass General on or about August 31, 1998, however, Mass General has been unable to produce either the original form or a copy of the form from its own files. The form contains a place for a witness's signature, but the effectiveness of the change in beneficiary does not turn on whether the change was witnessed. The form completed by the insured on August 17, 1998, contains the purported signature of "Cindy C. Underwood." Nevertheless, Cindy Lou Underwood, the insured's sister-in-law, who lived in Florida in August 1998, did *not* witness the form and it is *not* her signature contained thereon.

The insured died in Florida as a result of a motor vehicle accident on or about October 24, 1999. Within two weeks of the death of the insured, the insurers received claim forms from both plaintiff (the origi-nal primary beneficiary) and from Susanne Underwood's mother, Cheryl A. Chaney–Semola, with whom Susanne lives in Maryland, and who acted as Susanne's natural guardian. The insurers eventually obtained a copy of the change of beneficiary form from TCG. After more than a year of correspondence and contentious back-and-forth among the insurers and the claimants (and plaintiff's prior attorney), the insurers decided not to file an interpleader action but concluded, instead, that the change of beneficiary form should be given effect. Thus, after Susanne's mother (who is joined as a third party defendant in this case) was formally appointed guardian of Susanne's assets by a Maryland state court, the insurers paid the policy proceeds, with interest, to Chaney–Semola on or about May 19, 2000. Plaintiff instituted this action in March 2001 against the insurers, claiming breach of contract.

■■■ There can be no doubt that, as the original named beneficiary in the policy, plaintiff has standing as a third party beneficiary to sue for breach of contract. *See generally Parlette v. Parlette,* 596 A.2d 665, 670 (Md.App.1991). The well-settled requirements of a suit for breach of an insurance contract under Maryland law were recently summarized as follows:

> The interpretation of a written contract is generally a question of law for the court, subject to *de novo* review .... In Maryland, insurance policies, like other contracts, are construed as a whole to determine the parties' intentions .... We utilize the law of objective interpretation to ascertain the intent of the contracting parties, provided that intention does not violate an established principle of law .... When the language of a contract is unambiguous, a court shall give effect to its plain meaning and there is no need for further construction by the court .... Moreover, [i]f only one

reasonable meaning can be ascribed to the [contract] when viewed in context, that meaning necessarily reflects the parties' intent . . . .

*Mitchell v. AARP Life Ins. Program, N.Y. Life Ins. Co.,* 779 A.2d 1061, 1069 (Md.App.2001)(internal quotations and citations omitted). Moreover, in this instance, the precise elements that plaintiff must establish are as follows:

To state a cause of action for breach of a life insurance contract, a petition must allege: (1) the existence and terms of the policy; (2) the right or interest entitling the plaintiff to sue; (3) performance or waiver of conditions precedent; (4) death of the insured; (5) the amount of the insurance; and (6) *the fact that payment is due, but has not been made.*

*Giles v. American Family Life Ins. Co.,* 987 S.W.2d 490, 494 (Mo.App.1999)(emphasis added). The burden is on plaintiff to prove each of these elements. *See Choice Hotels, Inc. v. Madison Three, Inc.,* 83 F.Supp.2d 602, 603 (D.Md.2000)(citing *Kruvant v. Dickerman,* 18 Md.App. 1, 305 A.2d 227, 229 (1973), as "noting that Maryland follows the general rule that 'in either breach of contract or tort cases . . ., the burden of proof is on the . . . party who asserts the affirmative of an issue, and that burden never shifts.' "). Based on the statement of material facts set forth above, it is perfectly clear that plaintiff lacks evidence sufficient to establish by a preponderance of the evidence the sixth element of her claim: "the fact that payment is due [to her], but has not been made."

Inexplicably, in the face of the above-stated well-settled standards and the undisputed facts, plaintiff merely argues broadly that "the documents in the possession of the Insurer, the circumstances surrounding them at the time it released death benefits to Susanne, and subsequent documentation gathered by the Plaintiff,

are sufficient to raise serious questions with regard to the validity of the change of beneficiary form." Mem. Supp. Pl.'s Opp. at 2. Plainly, however, plaintiff misapprehends her burden in opposing summary judgment. To paraphrase *Choice Hotels, Inc.,* 83 F.Supp.2d at 603:

When viewed through the prism of Fed.R.Civ.P. 56, . . . [plaintiff] is obliged at this stage of the case to project admissible evidence sufficient, if believed, to persuade a reasonable juror that [her] assertion that [the insurers] committed one or more material breaches of the [contract of insurance] is more likely so than not so. *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.,* 152 F.3d 313, 315 (4th Cir.1998)("[T]he moving party is entitled to summary judgment if the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which the non moving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).").

Here, plaintiff relies on a miscellany of wholly immaterial (even if interesting or puzzling) facts which she asserts constitute disputes of material fact. She is wrong.

First, the mere fact that the insurers may be sloppy in their handling of important paper work (e.g., they lost the insured's original application for insurance and they were unable to produce the original change of beneficiary form sent to Mass General in August 1998) does not generate a dispute of *material* fact as to whether the insured did everything necessary, and everything required by the terms of the policy, to effect a change in beneficiary. Second, the fact that the change of beneficiary form was not properly witnessed does not rationally suggest that the change was itself a product of fraud. It is equally plausible that the

insured, noting that the form contained a space for a witness's signature, simply wrote in his sister-in-law's name. (Indeed, the handwriting on that portion of the form is similar to the other handwriting on the form, and plaintiff has not remotely suggested that the balance of the form does not contain the insured's handwriting.). Third, although the insured apparently intended that his brother should perhaps act as a trustee for the benefit of Susanne (he wrote that "William S. Underwood [, his brother, was] ... to oversee [the proceeds] until Susanne [reached] ... 25 years old"), plaintiff wisely does not suggest that she has standing to complain about the frustration of that intention. What is even more significant, that portion of the change of beneficiary form affirmatively undercuts plaintiff's suggestion that the form is a forgery, a claim which, again, plaintiff lacks any probative evidence to support. Finally, any suggestion that the insurers failed to comply with some internal operating procedure in place for their own protection is plainly irrelevant to the breach of contract claim asserted by plaintiff in this case.

In sum, the insurers are entitled to judgment as a matter of law because plaintiff is unable to project admissible evidence sufficient if believed to show that the insurers erred in concluding that the change of beneficiary form should be given effect. An order follows.

### ORDER

For the reasons set forth in the foregoing Memorandum, it is this 23rd day of January, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That defendants' motion for summary judgment is GRANTED; and it is further ORDERED

(2) That JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS AGAINST PLAINTIFF and THE THIRD PARTY CLAIMS ARE DISMISSED WITHOUT PREJUDICE; and it is further ORDERED

(3) That the Clerk shall TRANSMIT a copy of this Order and the foregoing Memorandum to the attorneys of record and to pro se parties.