Stanislav KOPUNEC, etc.,
Plaintiff-Appellee,
Cross-Appellant,

v.

Alan C. NELSON, etc., et al.,
Defendants-Appellants,
Cross-Appellees.

Nos. 84–2381, 84–2425.

United States Court of Appeals,
Tenth Circuit.

Sept. 22, 1986.

Sally Hyde (Michael J. Peterson, on the brief), Bosworth & Slivka, P.C. and Robert G. Heiserman, Denver, Colo., for plaintiff-appellee, cross-appellant.

James W. Winchester (Robert N. Miller, U.S. Atty., with him, on the briefs), Asst. U.S. Atty., Denver, Colo., for defendants-appellants, cross-appellees.

Before HOLLOWAY, Chief Judge, BARRETT, Circuit Judge, and SAM, District Judge.*

* Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

SAM, District Judge.

## FACTS

The Immigration and Naturalization Service (referred to hereinafter as the INS) appeals the district court's award of attorney's fees and costs to Mr. Kopunec, a South African citizen who avoided immediate deportation by obtaining in district court a reversal of the INS's "automatic revocation" of his visa.

In 1979, Mr. Kopunec came with his family from South Africa to the United States. He went into business for himself restoring old cars. He later issued some of the stock in his business to Jan Tichy, and they continued the business together under the name "Auto Trade."

During the period of time from Mr. Kopunec's arrival in the United States to the inception of this suit, Mr. Kopunec had been granted six preference visas. Auto Trade, under the signature of its president, Jan Tichy, was the petitioner for Mr. Kopunec's sixth visa. In late 1981, internal problems led to the division of Auto Trade between Mr. Kopunec and Mr. Tichy, each performing separate functions with separate bank accounts. At some point thereafter, Mr. Kopunec decided to go to Canada temporarily to obtain a United States visa. He then transferred his Auto Trade stock to Mr. Tichy for no consideration. Upon his return, without obtaining another visa, Mr. Kopunec went into business with Mr. Sebring, doing the same work with the same customers in a location around the corner from the original location of Auto Trade. The new corporation was called Jarina, Inc.

On June 28, 1982, Mr. Tichy, as president of Auto Trade, who had petitioned the INS for Mr. Kopunec's sixth and last visa, wrote the INS to inform the authorities that Mr. Kopunec was no longer employed by Auto Trade. The INS interpreted this information as a formal notification of withdrawal of the visa petition. According-ly, on November 30, 1982, the INS automatically revoked Mr. Kopunec's visa.

Mr. Kopunec sought administrative relief from the INS. He requested reopening the issue of whether the visa should have been automatically revoked. And, he asserted that the last visa should continue in force because he was employed by Jarina, Inc., a successor company of Auto Trade and essentially the same business under another name. The INS would not reopen the issue of the revocation nor did it recognize Jarina, Inc. as a successor corporation to Auto Trade.

On June 28, 1983, Mr. Kopunec turned to the district court. He brought suit against the INS seeking, inter alia, injunctive relief from deportation and declaratory relief on the issues of whether Auto Trade had requested the revocation of his visa and whether Jarina, Inc. succeeded Auto Trade as the petitioner.

On August 8, 1983, the district court conducted a one-and-a-half-day hearing, issued a preliminary injunction against deportation and remanded the case to the INS for further proceedings. The court found that the letter from Auto Trade did not constitute either a request to withdraw the visa petition or a formal notice of withdrawal as required by the regulations to invoke automatic revocation.[1] The court also found that the INS did not follow established revocation procedures. The court did not decide whether Jarina, Inc. was the successor to Auto Trade.

Plaintiff then moved the district court for attorneys' fees under the Equal Access to Justice Act (referred to hereafter as EAJA), 28 U.S.C. § 2412 et seq. On August 3, 1984, the district court awarded the plaintiff attorneys' fees and costs in the amount of $14,078 and found that the INS's position was "unreasonable in both fact and law" and was not "substantially

---

1. *See* 8 C.F.R. § 205.1 (1980), as it applied on November 30, 1982, the date the INS automati-cally revoked Mr. Kopunec's visa.

justified" for purposes of applying the EAJA.[2]

### APPELLATE CONTENTIONS

The appeal involves only the award of attorneys' fees and costs. The INS contends that Mr. Kopunec was not entitled to attorneys' fees under the EAJA because he was not yet a "prevailing party." The INS argues that the case was remanded for ultimate determination of the issues and no final judgment has been entered in favor of Mr. Kopunec. The appellant also contends that the INS's position was "substantially justified" which under the EAJA precludes the award of attorneys' fees. The appellant argues that the scope of review should have been limited to the administrative record and that the fees granted were excessive. Mr. Kopunec cross appeals claiming the district court abused its discretion by reducing the award below the amounts he requested for attorneys' fees, legal assistants' fees and costs.

### DECISION

The incomplete record in this case constrains the court from fully addressing these issues. Rule 10(b)(2) of the Federal Rules of Appellate Procedure states as follows:

If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.

The appellate record fails to include a complete transcript of the district court proceedings. The transcript submitted covers only the court's concluding remarks and omits the substance of the lengthy hearing upon which the judge's conclusions were based. The court, therefore, lacks the record necessary to examine either the scope of review applied by the district court or the district court's conclusion that the INS's position relative to the automatic revocation was not substantially justified in law or fact.

However, the court is able, on the basis of the outcome and the record, to determine whether Mr. Kopunec was a "prevailing party" under the Equal Access to Justice Act. Although the term "prevailing party" is not defined in the act, legislative history makes clear Congressional intent to allow awards of attorney's fees prior to final judgment. The legislative history states:

Under existing fee-shifting statutes, the definition of prevailing party has been the subject of litigation. It is the committee's intention that the interpretation of the term in S. 265 be consistent with the law that has developed under existing statutes. Thus, the phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a trial on the merits.... A fee award may thus be appropriate where the party has prevailed on an interim order ... which was central to the case, or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit".

S.R. No. 253, 96th Cong., 1st Sess. 7 (1979), H.R.Rep. No. 1418 96th Cong.2d Sess. 11, *reprinted in* 1980 U.S.Code Cong.Ad.News at 4990 (citations omitted). A plaintiff pre-

---

**2.** 28 U.S.C. § 2412(d)(1)(A) provides as follows: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The House Judiciary Committee Report defines the substantial justification standard the Congress intended the courts to apply. *See* HR No. 96–1418, 96th Cong.2d Sess. (1980), U.S.Code Cong. & Admin.News 1980, p. 4953. If the government's position has a reasonable basis in both law and fact, attorney's fees should not be awarded. *See* Annot., 69 A.L.R.Fed. 130 (1984), citing with reference to the 10th Circuit *Operating Engineers Local Union, etc. v. Bohn,* 541 F.Supp. 486 (D.Utah 1982). (Apparently recognizing the reasonableness test.)

vails for attorney fee purposes if success on a significant issue of litigation achieves some of the benefit the plaintiff sought in bringing the suit. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir. 1978)). The court looks to the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion. *See Austin v. Department of Commerce,* 742 F.2d 1417, 1420 (Fed.Cir.1984) (citing *Devine v. Sutermeister,* 733 F.2d 892, 898 (Fed.Cir.1984)).

This inquiry is made against the backdrop of the purpose of the Equal Access to Justice Act. The Congress recognized that the expense of litigation sometimes deters aggrieved parties from seeking review of, or defending against, unreasonable governmental action. EAJA was enacted to diminish this deterrent effect. The Equal Access to Justice Act, Pub.L. No. 96–481, § 202, 94 Stat. 2325 (1980).

■ The District Court's decision to award or deny attorneys' fees under the EAJA will be reversed only for abuse of discretion. *Hill v. United States Immigration and Naturalization Service,* 775 F.2d 1037 (9th Cir.1985). In keeping with the stated purpose of the EAJA, the court is not persuaded that the District Court abused its discretion in determining that Mr. Kopunec qualified as a "prevailing party." [3] Mr. Kopunec's avoidance of immediate deportation by obtaining a reversal of the INS's automatic revocation of his visa and a preliminary injunction against deportation constitutes a substantial victory of his position significantly discrete from the ultimate conclusion to warrant separate treatment. This outcome represents significant achievement of the benefit Mr. Kopu-

nec sought in bringing the suit. The district court determined that the INS's position imposing the automatic revocation was not substantially justified in law or fact. The purpose of EAJA would not be served by requiring Mr. Kopunec to bear his own costs in seeking review of the INS's action which the district court found to be unreasonable. As was previously noted, the court lacks the record necessary to review this conclusion. The court, therefore, finds no abuse of discretion nor error of law in the determination that Mr. Kopunec was a prevailing party.

■ The remaining issue is whether the district court abused its discretion in determining the amount of attorneys' fees and costs to be awarded. The court has carefully reviewed the district court's order and the record pertaining to attorneys' fees. The district court articulated good cause supported in the record for reducing the hourly rate requested by Mr. Heiserman from $150 to the statutory rate of $75 per hour,[4] the number of compensable hours, and the costs as requested. As to the hourly rate requested for law clerk, paralegal and legal assistant time, the court did not state a specific reason for reducing the amounts requested, ranging from $35 to $60 per hour, to a single rate of $25 per hour. The record, however, upon which the motion for attorneys' fees was submitted did not differentiate either the qualifications of the service provider or the nature of services rendered sufficient to justify applying different rates. The court, therefore, exercised its own discretion in determining a reasonable hourly rate to be applied to non-lawyer assistants. On the basis of the record, this court is not persuaded that in so doing the district court abused its discretion. The court itself may be considered an expert in setting legal

---

**3.** The narrow determination of whether Mr. Kopunec qualifies as a prevailing party under the EAJA may be a legal question to which this court may apply its own judgment rather than the abuse-of-discretion standard. However, the standard is of little consequence because the court concurs in the trial court's conclusion that Mr. Kopunec qualifies.

**4.** 28 U.S.C. § 2412(d)(2)(A)(ii) provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

**1230**

fees. *See e.g. Bowe v. Colgate-Palmolive Co.*, 443 F.Supp. 696 (S.D.Ind.1977). The court accordingly will not disturb the trial court's award of attorneys' fees and costs.

AFFIRMED.