986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank R. HARRIS, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-9516.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Claimant Frank R. Harris appeals the final decision, adopted by the Railroad Retirement Board, denying his application for a disability annuity, pursuant to 45 U.S.C. § 231a(a)(1)(v), and his application for disability benefits, pursuant to 42 U.S.C. § 416(i).[1] Because we find several errors in the application of well-established principles, and because we believe further proceedings would serve no useful purpose, we reverse and remand this case with directions to award benefits to claimant.
 
 I.
 
 2
 Mr. Harris worked as a machine operator in the railroad industry until June 24, 1987, when he was injured in an accident. Since that time, he has remained unemployed, complaining of neck and back pain, headaches, dizziness, and nausea.
 
 
 3
 He filed an application for an employee disability annuity in March 1988. After a hearing, the hearing officer found that Mr. Harris has an impairment which does not meet or equal those listed in 20 C.F.R. § 404, Subpt. P, App. 1, but which prevents him from returning to his previous employment. Based on consulting physicians' reports, the hearing officer determined that Mr. Harris remains capable of performing medium, light, and sedentary work. Using the Medical Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2 (the grids), the hearing officer then determined that, based on Mr. Harris' age, education, and previous experience, he is not disabled.
 
 II.
 
 4
 A disability determination will be upheld if it is supported by "substantial evidence." Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir.1992). Failure to apply correct legal standards, however, is grounds for reversing a determination as to a claimant's disability status. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987); Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984).
 
 
 5
 Mr. Harris argues that the hearing officer erred in (1) disregarding his treating physician's reports; (2) rejecting his complaints of pain; and (3) relying exclusively on the grids to determine the availability of jobs in the national economy which he is capable of performing. We agree.
 
 A. Treating Physician's Reports
 
 6
 After the accident, Mr. Harris' treating physician, Dr. Karl Sauer, gave him a comprehensive examination, including a CAT scan. Based on the physical examination and CAT scan, Dr. Sauer diagnosed Mr. Harris as suffering from a herniated nucleus pulposis, a myofascial strain of the cervicothoracic and lumborsacral regions, and a post concussion syndrome.
 
 
 7
 Dr. Sauer continued to treat Mr. Harris for these conditions during the next two years. On July 13, 1989, the doctor completed a residual functional capacity assessment in which he identified the following restrictions: Harris could sit for half an hour at a time for a total of three hours per work day; he could stand and walk for half an hour at a time for a total of one hour per work day; he could occasionally bend and reach; he could occasionally lift and carry up to ten pounds; he was unable to use his hands for fine manipulation; he was unable to use his arms or legs to operate controls; and he could never squat, crawl, or climb. In addition, the following environmental limitations were noted: Mr. Harris was totally restricted from activities involving unprotected heights or marked changes in temperature and humidity; and he was moderately restricted from being around moving machinery, driving automotive equipment, or being exposed to dust, fumes, and gases. Dr. Sauer reiterated his diagnosis that Mr. Harris suffered from a herniated nucleus pulposis at L-4, a myofascial strain of the cervicothoracic region, and post traumatic concussion syndrome. He then determined that Mr. Harris was capable of subsedentary activity only.
 
 
 8
 Unless good cause is shown to the contrary, the medical opinion of a claimant's treating physician should be given substantial weight in making a determination of disability. Frey, 816 F.2d at 513; Byron, 742 F.2d at 1235. Our cases have long held that specific, legitimate reasons must be set forth before disregarding the treating physician's opinion. Byron, 742 F.2d at 1235. The only reason given here for disregarding Dr. Sauer's medical findings and disability assessment was that the consulting physicians had examined Mr. Harris more recently. The hearing officer found that Dr. Sauer's last physical examination was given in January 1989, and that his July 1989 disability assessment was based on a physical examination given two years previously, in July 1987. Neither of these findings is supported by the record. Although Dr. Sauer's medical records do not reflect an examination after January 1989, they had been submitted to the Railroad Retirement Board in April of that year. Mr. Harris testified that he underwent a thorough physical examination of his back and neck in July 1989, which corresponds to the date of Dr. Sauer's disability assessment. Because there is no support for the conclusion that the consulting physicians' reports were more relevant because they were closer in time, Dr. Sauer's reports and evaluation should have been given substantial weight.
 
 B. Evaluation of Pain
 
 9
 The hearing officer rejected Mr. Harris' claim that he is disabled by pain, finding his complaints incredible. Mr. Harris argues that this decision was not supported by substantial evidence. We agree.
 
 
 10
 In Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987), we set out a framework to be used in evaluating a claimant's subjective complaints of disabling pain. When a claimant establishes that he suffers from an impairment which is reasonably expected to produce some pain, the trier of fact may not simply rely on the presence or absence of objective medical data to evaluate the claimant's complaints of disabling pain. Not only did the hearing officer here attempt to rely exclusively on what he perceived as a lack of objective medical data in rejecting Mr. Harris' claim, but in so doing he ignored reports containing this very type of objective evidence.
 
 
 11
 For example, after the hearing the hearing officer sent Mr. Harris to be examined by a psychiatrist, Dr. F.M. Westerfield, Jr. The hearing officer then held that Dr. Westerfield's report concerning Mr. Harris' nonexertional impairments "ha[d] no evidentiary value" because the limitations "were purely due to the [claimant's] 'physical complaints' " and because the psychiatrist "was not expected to examine him physically and evaluate his physical condition." We held in Luna, however, that psychological evidence which could be evaluated and substantiated by examining the claimant himself is "objective" evidence sufficient to support a disability claim based on pain. Id. at 162.
 
 
 12
 Similarly, it appears the hearing officer rejected the objective medical finding by Drs. Sauer, Hinkle, and Knight that claimant's straight leg raising was positive bilaterally, because it was a "subjectively controlled limitation." Dr. Hinkle's discovery of a palpable left lumbar spasm and limited forward flexion in the lumbar spine was also not taken into account.
 
 
 13
 Instead, the hearing officer relied heavily on the report of consulting physician Dr. Parker. This three paragraph report, which the officer characterizes as "exhaustive," does not even discuss claimant's alleged back injury, focusing instead on allegations of "bilateral hip pain." The "findings of a nontreating physician based upon limited contact and examination are of suspect reliability." Frey, 816 F.2d at 515. When viewed against the record as a whole, Dr. Parker's report does not provide "substantial evidence" that Mr. Harris is not disabled by his back pain.
 
 
 14
 The hearing officer also found Mr. Harris' complaints incredible based on alleged contradictions in the testimony. First, Mr. Harris' wife testified that she quit her job because her husband was unable to take care of their three year old child, and specifically because he was unable to lift the child. In a curious application of reverse logic, the hearing officer found that Mr. Harris may have been lifting up to twenty-five pounds at a time based on the likely weight of the child. Second, the hearing officer concluded that Mr. Harris' capabilities may have been far greater than testified to, based on his report to Dr. Westerfield that he sometimes went fishing, but that camping was difficult for him. Mr. Harris' actual statement, as reported by Dr. Westerfield, was as follows:
 
 
 15
 [Mr. Harris] can only fish intermittently because of his physical complaints. He gives as an example of this that he has a nice fishing boat and he loves to fish, but he'll go out and stand some and sit some and when he has to do that on his schedule, rather than the fishes, he says he spooks the fish and it's very discouraging.
 
 
 16
 The hearing officer's conclusions regarding Mr. Harris' physical capabilities based on the above statements of Mr. Harris and his wife constitute sheer speculation and are completely unsupportable.
 
 
 17
 We conclude that if the medical reports of Mr. Harris' treating physician are given their proper weight, there is substantial objective evidence that Mr. Harris is disabled by pain. Such a conclusion is reinforced by Mr. Harris' own testimony and the medical reports of Drs. Hinkle and Westerfield.
 
 C. Use of the Grids
 
 18
 Once a claimant shows that he is not currently working and that he suffers from an impairment which prevents his return to his prior work, a prima facie case of disability has been established. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir.1988); Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984). The burden then shifts to the government to show that the claimant can find other employment in the national economy. Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 776 (10th Cir.1990).
 
 
 19
 If a claimant's impairments are strictly exertional in nature, the government may meet its burden by reference to the grids. Williams, 844 F.2d at 751-52. When a claimant suffers from nonexertional impairments, such as pain, mental impairments, and environmental restrictions, the grid may not be relied upon conclusively to demonstrate the availability of employment. Id. at 752. Rather, the government must present evidence that notwithstanding the claimant's nonexertional impairments, there remain sufficient jobs in the economy which he or she can perform. Id. Such evidence generally is provided through the testimony of a vocational expert, based on hypothetical factors. See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir.1991); see also Channel, 747 F.2d at 580-81.
 
 
 20
 Mr. Harris presented evidence of pain, postural limitations, mental impairments, and environmental restrictions, thus precluding exclusive reliance on the grids. Based on the hearing officer's hypotheticals, the only evidence presented through the vocational expert was that there are no jobs in the national economy for Mr. Harris. On this basis, we cannot agree that the government met its burden of showing that Mr. Harris is capable of gainful employment.
 
 
 21
 When the government fails to rebut a claimant's prima facie case of disability, and additional fact finding would serve no useful purpose, it is appropriate to reverse and remand for an immediate award of benefits. Williams, 844 F.2d at 760. Because the record supports a finding that Mr. Harris is disabled, and because further proceedings would only delay an award of benefits, we remand with directions to award benefits to Mr. Harris immediately.
 
 
 22
 The decision adopted by the Railroad Retirement Board is REVERSED, and the case is REMANDED with directions to calculate and award benefits to claimant Frank R. Harris.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument