**Frank R. HARRIS, Petitioner.**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 92–9516.

United States Court of Appeals, Tenth Circuit.

March 30, 1993.

**520**

Davis Duty, Fort Smith, AR, for petitioner.

Catherine C. Cook, Gen. Counsel, R.R. Retirement Bd., Chicago, IL, for respondent.

Before McKAY, Chief Judge, and SEYMOUR and KELLY, Circuit Judges.

SEYMOUR, Circuit Judge.

Plaintiff Frank Harris was the prevailing party in his application for disability benefits. By his attorney, Davis Duty, he now applies for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1985). Mr. Harris requests attorney's fees at the rate of $150.00 per hour for 75.3 hours, and 40 hours of paralegal time at the rate of $50.00 per hour. For the reasons set forth below, we grant the application for attorney's fees at $116.99 per hour and paralegal time at $50.00 per hour.

The Equal Access to Justice Act provides for the award of fees and expenses to the "prevailing party" in a civil action against the Federal Government, unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Attorney fees are not to be awarded in excess of $75.00 an hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Because this court awarded Mr. Harris disability benefits in *Harris v. Railroad Retirement Bd.*, No. 92–9516, 1992 WL 401589 (10th Cir. Dec. 22, 1992) (*Harris I*), Mr. Harris is a "prevailing party." We must therefore determine whether the government has established that its position in the case was substantially justified. To be substantially justified, the government's position must be reasonable in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This court has held that the government must establish three components to meet this test of reasonable-

ness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged. *Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir.1988).

■ We have already held that the Administrative Law Judge, when determining whether to grant disability benefits to Mr. Harris, did not give the weight required by our case law to the opinion of Mr. Harris' treating physician. *Harris I* at 3–5. Moreover, the ALJ rejected other evidence in the record for insupportable reasons. Consequently, we conclude that the government had no reasonable basis in fact or law for its position that the ALJ's opinion should be sustained. Since the government's position was not substantially justified, we award attorney's fees.

■ Mr. Harris asks for an increase from the statutory attorney's fees rate of $75.00 per hour for two reasons: cost of living and merit. He argues that his attorney has special expertise in the area of Social Security disability litigation. Since this court has held that a Social Security specialist does not solely by virtue of that expertise fall under the "special factor" exception, *Chynoweth v. Sullivan,* 920 F.2d 648, 649–50 (10th Cir.1990), we decline to adjust the statutory rate for expertise.

■ We agree, however, that Mr. Harris' attorney is entitled to a cost-of-living increase. Mr. Harris asks for this increase from 1981, while the Board contends that 1985 is the appropriate year from which to measure any cost-of-living increase. Contrary to the Board's assertion, the Circuits overwhelmingly support 1981 as the date from which to determine the cost-of-living increase under the Equal Access to Justice Act, the date of the Act's original enactment, as opposed to 1985, the date of the reenactment. *See Sierra Club v. Secretary of Army,* 820 F.2d 513, 523 (1st Cir. 1987); *Trichilo v. Secretary of Health & Human Servs.,* 823 F.2d 702, 706–07 (2d Cir.1987); *Garcia v. Schweiker,* 829 F.2d

396, 402 (3d Cir.1987); *Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir.1988); *Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir.1990); *Ramon–Sepulveda v. INS,* 863 F.2d 1458, 1463 (9th Cir.1988); *Hirschey v. FERC,* 777 F.2d 1, 5 (D.C.Cir.1985); *Chiu v. United States,* 948 F.2d 711, 718–19 (Fed.Cir.1991). *See also Sullivan v. Sullivan,* 958 F.2d 574, 578 (4th Cir.1992) (1981 not explicitly adopted as relevant date but used as base year in example); *Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (same). Only the Sixth Circuit in *Chipman v. Secretary of Health & Human Servs.,* 781 F.2d 545, 547 (6th Cir. 1986), supports the Board's position that a cost-of-living increase may only be awarded from 1985. Although this court discussed the issue in *Headlee v. Bowen,* 869 F.2d 548, 550–51 (10th Cir.), *cert. denied* 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989), we decided the case on other grounds, *see id.* at 551–52.

We now answer the question explicitly and follow the majority of Circuits which measure the increase from 1981. Under the table provided by both the Board and Mr. Harris, the appropriate hourly rate, adjusted for cost-of-living increases for 1981 to 1992, is $116.99 per hour.[1] We therefore award Mr. Harris attorney's fees at an hourly rate of $116.99, for a total of $8,774.25.

■ Mr. Harris requests $50.00 per hour for paralegal work. Work performed by a nonattorney is an expense recoverable under the Act. *Kopunec v. Nelson,* 801 F.2d 1226, 1229 (10th Cir.1986). In *Kopunec,* we approved a rate of $25.00 per hour for nonattorney time. *Id.* The Board argues that Mr. Harris has not shown any reason to increase the $25.00 per hour rate. We are persuaded, however, that the case demonstrates special circumstances. The paralegal, Ms. Bailey, is exceptionally well qualified. Mr. Duty, the attorney, is without sight and Ms. Bailey assists in "legal research, transcribes and prepares briefs[,] ... deals with governmental agencies and

---

1. Both parties cite the Consumer Price Index. *See* Petitioner's Reply Br. at 3, and Resp. Br.

at 7.

advises the public in connection with matters falling within her specialized field of expertise." Petitioner's Reply Br. at 2. Based on these facts, we grant the request for $50.00 per hour for paralegal expenses, for a total of $2,000.