**Lee C. BURKINS, Plaintiff,**

v.

**UNITED STATES of America; Lt. Gen. John B. Conaway, Director, National Guard Bureau; Department of the Army, Togo D. West, Secretary; Army Board for Correction of Military Records, David Kinneer, Executive Secretary, Defendants.**

**Civil Action No. 93–K–2125.**

United States District Court, D. Colorado.

April 12, 1996.

Eva Camacho Woodard, Lakewood, CO, for Plaintiff.

Chalk W. Mitchell, Assistant U.S. Attorney, Denver, CO, for Defendants.

## ORDER ON ATTORNEY FEES AND COSTS UNDER EQUAL ACCESS TO JUSTICE ACT AND ON OBJECTIONS TO DEFENDANTS' STATUS REPORT

KANE, Senior District Judge.

On January 25, 1996 I sustained Plaintiff Lee C. Burkins' objection to that part of Magistrate Judge Borchers' recommendation denying Burkins' request to order the Department of Army Board for Correction of Military Records ("ABCMR") to correct its records. I ordered the ABCMR to correct its records to reflect that Burkins was unfit to perform his military duties and is accordingly entitled to 100% disability payment as of that date. I further ordered the parties to brief the issue of the award of attorney fees under the Equal Access to Justice Act ("EAJA").

On February 12, 1996, the parties filed a Stipulation regarding Attorney's [sic] Fees and Cost [sic] Under Equal Access to Justice Act. They stipulated that Plaintiff's reasonable attorney fees and costs amount to a total of $26,604.78 as of February 12, 1996. Defendants agreed to pay that amount in the event of my determining that their position was not "substantially justified" under the EAJA.

On February 13, 1996, Burkins filed Plaintiff's Brief on Substantial Justification under the Equal Access to Justice Act ("EAJA"). Defendants filed a response on February 27, 1996. Plaintiffs replied on March 5, 1996.

On February 28, 1996, Defendants filed a status report regarding the order. On March 5, 1996, Burkins objected to the computations of his disability retirement pay reflected in the status report.

On March 26, 1996, I set oral argument on Burkins' request for attorney fees under the EAJA at 9:00 a.m. on April 11, 1996. I stated if factual issues were contested, evidence would be taken. I also stated oral argument would be heard on Plaintiff's Objection to Defendant's Status Report.

 On March 27, 1996, the United States filed a notice of appeal to the Tenth Circuit from the judgment entered on January 29, 1996.[1]

At oral argument, Burkins claimed a total of $27,846.78 in attorney fees and costs. Defendants did not contest this amount.

### I. *Substantial Justification under the EAJA.*

The EAJA requires that a court "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A).

Burkins requests I find Defendants' position was not substantially justified and award him the total amount of $27,846.78 in attorney fees and costs. Defendants concede Burkins was the prevailing party but oppose an award under the EAJA, contending that the government's position was substantially justified.

 The test for substantial justification is one of reasonableness in law and in fact. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (rejecting argument that government's litigating position need only have had "some substance and a fair possibility of success" to be substantially justified), *applied in Harris v. Railroad Retirement Bd.,* 990 F.2d 519, 520 (10th Cir.1993). The burden of proof on the question of "substantial justification" rests squarely with the government. *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 49, 133 L.Ed.2d 14 (1995).

My January 25, 1996 order concluded, based upon the evidence in the record, the ABMCR's denial of Burkins' request for correction of his records to reflect medical retirement from PTSD effective November 4, 1970 was arbitrary, capricious and not based on substantial evidence and that reasonable minds could not reach differing conclusions in this regard.

My determination was based on findings, *inter alia,* that the ABCMR's conclusion that the statement of Command Sergeant Major Miller supported a finding of Burkins' fitness in 1970 was irrational; that there was a continuity of undisputed evidence showing Burkins was unfit due to PTSD at the time he served in Vietnam, shortly thereafter in

---

1. The fact that an appeal has been filed does not preclude my consideration of the request for fees under the EAJA. A party must seek such fee award "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment for the purposes of this section is the order of the district court and not that of the court of appeals. *Goatcher v. Chater,* 57 F.3d 980, 981 (10th Cir.1995).

In passing, I note the notice of appeal states: "Notice is hereby given that the defendant, above named" appeals. The caption reflects the Defendants as "United States of America, et al." The appeal appears to have been taken only on behalf of one party, the United States. "A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal." Fed.R.App.P. 3(c). The 1993 amendment to Rule 3(c) makes it clear that "[a]n attorney represent-

ing more than one party may fulfill this requirement [to name the appellants] by describing those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs, A, B, et al.' or 'all defendants' except X."

Here, the caption refers to "United State of America, et al., Defendants." However, the notice states that "the defendant, above named," appeals the order. Although unclear, the Tenth Circuit may regard the appeal as filed only on behalf of one Defendant, the United States. In that case, even if the court of appeals were to remand or reverse, the effect would only be on the United States; judgment would remain in effect *viz a viz* the remaining Defendants before the Court, i.e. Lt. Ben. John B. Conway, Director, National Guard Bureau, Department of the Army, Togo D. West, Secretary, Army Board for Correction of Military Records, David Kinneer, Executive Secretary.

1970, and continuously from 1970 through 1987; that a review of the medical opinions and social surveys on record lent support to Burkins' narrative of unfitness and that in reaching its decision there was a lack of evidence as to the severity of Burkins' PTSD in 1970, the ABCMR ignored this evidence; that the ABCMR ignored, without explanation, Burkins' narrative, the social surveys and the opinions of Drs. Staten, Hesterly and Sternwood concerning the onset and severity of Burkins' PTSD in 1970; that the ABCMR's finding that a medical examination in 1984 could not have led to a determination that Burkins was physically unfit for military service in 1970 ignored the import of presumptions contained within applicable army regulations; and that post release evidence clearly indicated that, had Burkins received appropriate mental examinations from the army, he would have been found to have disabling PTSD.

In arguing their position was substantially justified, Defendants assert, *inter alia*, the medical records do not indicate Burkins' unfitness in 1970; the unavailability of a categorized PTSD diagnosis did not preclude a diagnosis for mental disorder; CSM Miller's letter is inconclusive as to unfitness for duty due to PTSD in 1970; the ABCMR relied on competent diagnostic information to determine that Burkins PTSD became disabling in 1984; the allegedly cursory physical in 1970 did not overcome the presumption of a thorough, accurate examination; the ABCMR did consider and explain all relevant medical evidence presented by Burkins; and the ABCMR correctly found Burkins did not qualify for a Medical Evaluation Board (MEB) in 1984 nor for disability retirement between 1984 and 1987.

I have already considered the gravamen of these arguments in ruling on the magistrate judge's recommendation. I am not persuaded that Defendants have discharged their burden to show there was a reasonable basis in fact and law for the decision of the ABCMR's or for Defendants' position that the decision was neither arbitrary nor capricious.

Since Defendants have not established their position was substantially justified, I award Burkins attorney fees and costs in the amount of $27,846.78.

## II. *Objections to Defendants' Status Report.*

Defendants'. February 28, 1996 Status Report reflects, with reference to my order to the ABCMR to enter specific findings into Burkins' military records within thirty days of the judgment, that on February 21, 1996, the Deputy Assistant Secretary of the Army directed the correction of Burkins' record.

With reference to my order that the ABCMR complete computations to the present value of the disability retirement pay, plus cost of living increases, plus statutory interest, compounded quarterly, that should have been paid to Burkins from November 4, 1970 to March 18, 1987, the status report reflects the ABCMR has computed Burkins' disability back pay for this period. It attaches as Exhibit "B" a copy of the calculation of Burkins' 100% disability pay.

The report asserts the General Accounting Office (GAO) cannot compute the amount of statutory interest unless a statute authorizes the payment of interest. According to the report: "The GAO is in the process to compute [sic] past interest based on post-judgment interest rates," and needs another two weeks to complete the calculation. The report states further: "If the Court contemplated the use of a specific statute for the computation of interest, it would be helpful to defendants if the Court would issue an order clarifying the January 29, 1996 Judgment Order." (Defs.' Status Report at 2.)

Burkins objects to the computations presented by Defendants in the February 28, 1996 status report. He maintains there is a "systemic" error in the calculations which commence with Defendants' having initially assigned Burkins base pay of $339.30 when his base pay as of the date of his discharge should be computed using $355.50 per month which is the base pay he received as a E–5 at the time of his discharge from service in Vietnam.

At oral argument, Defendants requested Burkins to explain how the base pay figure of $355.50 was reached and iterated their re-

quest for clarification as to the calculation of statutory interest on the disability retirement pay due from November 4, 1970 to March 18, 1987. I order Burkins to present the ABCMR with his calculations regarding the base pay figure. I further order statutory interest on the disability retirement pay due to be computed based on post judgment interest rates as calculated under 28 U.S.C. § 1961(a).

For the aforesaid reasons,

IT IS ORDERED THAT attorney fees and costs are awarded to Plaintiff Lee C. Burkins under the Equal Access to Justice Act in the amount of $27,846.78;

IT IS FURTHER ORDERED THAT Lee C. Burkins present the ABCMR with his calculations as to how the amount of $355.50 per month is reached as his discharge base pay;

IT IS FURTHER ORDERED THAT the ABCMR follow its regulations and present Lee C. Burkins with computations showing the present value of the disability retirement pay plus cost of living increases, plus statutory interest (based on post judgment interest rates as calculated under 28 U.S.C. § 1961(a)), compounded quarterly, that should have been paid to Lee C. Burkins for the period of time from November 4, 1970 to March 18, 1987 had he properly received a "disability" discharge at the 100% level;

IT IS FURTHER ORDERED THAT the parties shall within forty-five days of the filing of this order file a status report regarding compliance with this order.