# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YUSUF ALI ALI; MOHAMED AWEYS;
MOHAMED HUSSEIN HUNDIYE; GAMA
KALIF MOHAMUD,
           *Petitioners-Appellees,*

v.

ALBERTO R. GONZALES,* Attorney
General; IMMIGRATION AND
NATURALIZATION SERVICE; ROBERT
S. COLEMAN, JR.,
           *Respondents-Appellants.*

No. 03-35096

D.C. No.
02-2304 MJP

ORDER

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted
July 8, 2003—Seattle, Washington

Opinion Filed September 17, 2003
Opinion Withdrawn and
Order Filed August 26, 2005

Before: Thomas M. Reavley,** A. Wallace Tashima, and
Richard A. Paez, Circuit Judges.

Order;
Concurrence by Judge Reavley

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R. App. P. 43(c)(2).

**The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

11591

## COUNSEL

Greg D. Mack, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondents-appellants.

Nicholas P. Gellert, Perkins Coie LLP, Seattle, Washington, for the petitioners-appellees.

## ORDER

In *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003), we held that the United States cannot remove aliens to Somalia because 8 U.S.C. § 1231 does not permit removal if the country does not have a functioning government to accept the aliens. *Id.* at 876. We also held that the Attorney General was the proper respondent in the habeas petition because of his unique role as the interpreter of the statute and the "ultimate decision-maker" in attempting to remove the Somalians despite the lack of a functioning government to accept them. *Id.* at 888.

The Supreme Court subsequently held that Somalia's inability to accept a person does not preclude the alien's removal from the United States. *Jama v. Immigration & Customs Enforcement*, 125 S. Ct. 694 (2005). *Jama* thus has foreclosed the claim that the government may not remove aliens to Somalia. Furthermore, in *Rumsfeld v. Padilla*, 124 S. Ct. 2711 (2004), the Supreme Court held that the proper respondent in a habeas proceeding, in which Padilla challenged his detention as an enemy combatant, was the warden of the facility where Padilla was being held, not the Secretary of Defense. *Id.* at 2718, 2721-22. In *Padilla*, however, the Court explicitly declined to resolve the question of "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." *Id.* at 2718 n.8.

The government has filed a petition for panel rehearing and rehearing en banc. Subsequently, it also filed a motion to vacate the panel's decision and remand to the district court. In the motion, the government "request[s] that the Court vacate the panel's September 17, 2003 decision and remand this case to the district court with instructions to vacate the existing injunction, de-certify the class, and vacate the order of release regarding the Petitioners-Appellees Yusuf Ali Ali, Mohamed Aweys, and Mohamed Hussein Hundiye."

We grant the motion in part, and withdraw our opinion of September 17, 2003, reported at 346 F.3d 873, and remand this case to the district court with instructions to vacate the injunction and to reconsider the class certification in light of the Supreme Court's decision in *Padilla*.[1] Because we are remanding for the district court to reconsider the class certification, rather than vacating that order, we reject the government's request to vacate the order of release.[2]

The government's petition for panel rehearing and rehearing en banc of the opinion filed September 17, 2003, is denied as moot.

**REMANDED with directions.**

---

[1]The Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, which requires the district court to transfer to the court of appeals habeas cases challenging a final order of removal, deportation, or exclusion, does not apply to this case because petitioners do not challenge or seek review of any removal order.

[2]We note that, despite the government's assurances to the contrary, it has not been successful in removing Mr. Jama, and, based upon the dockets of the United States Court of Appeals for the Eighth Circuit and the United States District Court for the District of Minnesota, it appears that Mr. Jama has been released from custody.

REAVLEY, Circuit Judge, Specially Concurring in Part:

Because there is no longer a claim on behalf of the class, I would vacate the certification and dismiss the case unless the petitioners have individual claims to bring to the attention of the district court. In that event, the proper respondent could be resolved.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.