Yusuf Ali ALI; Mohamed Aweys; Mohamed Hussein Hundiye; Gama Kalif Mohamud; Ahmad Noor Yusuf, Petitioners–Appellees,

v.

Alberto R. GONZALES, Attorney General; Immigration and Naturalization Service; Robert S. Coleman, Jr.; Alberto R. Gonzales, Attorney General, Respondents–Appellants.

Yusuf Ali Ali; Mohamed Aweys; Mohamed Hussein Hundiye; Gama Kalif Mohamud; Ahmad Noor Yusuf, Petitioners–Appellees,

v.

Alberto R. Gonzales, Attorney General; Phil Crawford, Acting Field Director, Bureau of Immigration and Customs Enforcement; Bureau of Immigration and Customs Enforcement, Respondents–Appellants.

Nos. 03–35620, 03–35791.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Nov. 30, 2006.

Thomas L. Boeder, Esq., Nicholas P. Gellert, Esq., Amanda J. Beane, Esq., Perkins Coie, LLP, Seattle, WA, for Petitioners–Appellees.

Christopher Lee Pickrell, Esq., Office of the U.S. Attorney, Seattle, WA, Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents–Appellants.

Before: TASHIMA, PAEZ, and SMITH, Circuit Judges.

### MEMORANDUM *

In our prior opinion, we remanded to the district court to vacate the injunction against removing the class of aliens to Somalia.[1] *See Ali v. Gonzales,* 421 F.3d 795, 797 (9th Cir.2005). We also remanded for the district court to reconsider the class certification and rejected the government's request to vacate the order of release. *Id.* Prior to remand, the district court had awarded Petitioners attorneys' fees and costs pursuant to the Equal Ac-

cess to Justice Act ("EAJA"), 28 U.S.C. § 2412. The government now challenges the award of fees, contending that Petitioners are not prevailing parties for purposes of the statute, in light of both the Supreme Court's decision in *Jama v. Immigration & Customs Enforcement,* 543 U.S. 335, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005), and the district court's subsequent order vacating the injunction and decertifying the nationwide class. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the award of attorneys' fees and remand for the district court to reconsider whether Petitioners are prevailing parties on one or more of the issues presented.

In order to qualify as a prevailing party under the EAJA, a party "must achieve a 'material alteration of the legal relationship of the parties,'" and "that alteration must be 'judicially sanctioned.'" *Carbonell v. INS,* 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604–05, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). "A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if he 'has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit.'" *Id.* at 900 n. 5 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)) (alteration in original).

Although Petitioners' status as prevailing parties has been undercut by *Jama* and the order vacating the injunction and decertifying the nationwide class, three of the four petitioners had obtained release

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the factual and procedural background of this case, so we do not recite it here.

from custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). *Ali v. Ashcroft*, 213 F.R.D. 390, 411 (W.D.Wash.2003). Their release from custody may be sufficient under *Carbonell* to be deemed prevailing parties, at least with respect to their *Zadvydas* claim. *See Carbonell*, 429 F.3d at 900 (concluding that Carbonell was a prevailing party where the government agreed to refrain from deporting him for 45 days pending the Board of Immigration Appeals' ("BIA") decision on his motion to reopen); *see also Vacchio v. Ashcroft*, 404 F.3d 663, 672–74 (2d Cir.2005) (rejecting the district court's characterization of the relief sought by the petitioner as retention of his lawful permanent resident status and "instead identify[ing] the relief sought as the release on bond by courts of the United States pending determination of his removal case," and therefore concluding that the petitioner was a prevailing party under the EAJA); *Kopunec v. Nelson*, 801 F.2d 1226, 1229 (10th Cir.1986) (agreeing that the plaintiff was a prevailing party where he avoided "immediate deportation by obtaining a reversal of the INS's automatic revocation of his visa and a preliminary injunction against deportation," representing "significant achievement of the benefit [he] sought in bringing the suit").

In addition to obtaining release from detention, Petitioners may also be deemed prevailing parties for obtaining relief from removal. *See Carbonell*, 429 F.3d at 900 ("[A] litigant can be a prevailing party even if he has not obtained affirmative relief in his underlying action."). Although Carbonell remained under a final order of deportation because his underlying claim was unresolved, "for the pertinent period of time, [he] obtained the desired relief." *Id.* Similarly here, the government was forced to refrain from removing Petition-

ers, whom they had planned to deport immediately.

Although Petitioners ultimately did not succeed in obtaining a permanent injunction against their removal, under *Carbonell*, this is not necessarily fatal to their claim to prevailing party status. Carbonell's own status as a prevailing party did not depend on whether or not the BIA ultimately granted his motion to reopen. Rather, it was based solely on his success in avoiding deportation until the BIA decided his motion. *See Carbonell*, 429 F.3d at 900; *see also Rueda–Menicucci v. INS*, 132 F.3d 493, 495 (9th Cir.1997) (concluding that the petitioners were prevailing parties under the EAJA following our remand to the BIA for further consideration of its denial of relief, even though they had not obtained affirmative relief on the merits of their underlying claims for asylum and withholding of deportation); *accord Johnson v. Gonzales*, 416 F.3d 205, 209–10 (3d Cir.2005) (concluding that the petitioner was the prevailing party for EAJA purposes where the appellate court "entered judgment in his favor and relinquished jurisdiction," and remanded to the BIA, "regardless whether he ultimately prevails in his underlying immigration proceeding"); *Muhur v. Ashcroft*, 382 F.3d 653, 655 (7th Cir.2004) (agreeing with *Rueda–Menicucci* that, "when a court of appeals ... reverses a denial of asylum because the denial was erroneous, and sends the case back to the immigration service for further proceedings, the applicant is a prevailing party" under the EAJA).

For the foregoing reasons, we vacate the order and remand for the district court to revisit prevailing party status. If the court finds Petitioners to be prevailing parties, either in whole or in part, it should then award such fees as are reasonable, considering the issues on which they pre-

vailed.[2]

**VACATED and REMANDED.**

2.  The government did not oppose the motion for EAJA fees on any basis other than that

Petitioners were not prevailing parties.